KANNER, Chief Judge.
Appellant was the vendee and appellees were the sellers under a deposit receipt contract of certain lands situated in Hills-borough County. After the execution of this contract dispute arose between the parties as to what land and quantity had been sold under the contract. The appellant instituted suit for specific performance. Appellees counterclaimed charging a breach by appellant and sought cancellation of the contract and forfeiture of the $3,350 deposit.
*677 The chancellor determined the appellant was not entitled to specific performance, dismissed his complaint, found for appellees on their counterclaim, and decreed that the contract be cancelled and the deposit money forfeited. The appeal is from the final decree.
The contract pertained to two parcels of land, one parcel consisting of approximately 80 acres for which the sum of $325 per acre was to be paid. There is no dispute in connection with this parcel. The dispute concerns the parcel described as:
“Government Lot No. 5 located in Section 11, Township 32 South, Range 18 East, being 58.62 Acres more or less, all in Hillsborough County, Florida.
The purchase price of this particular parcel was $700 per acre. The contract provided :
“In event a survey shows a discrepancy in the number of acres in either of the above parcels, a price adjustment shall be made either upward or downward, depending upon result of the survey.”
The contract provided for the terms of payment.
Government Lot 5 is bounded on the north by the waters of the Little Manatee River. The dispute concerns the amount of acreage, and appellant’s position is that payment should only be made for approximately 44 acres while the appellees assert that payment should be made for approximately 58 acres.
It can be said that it is apparent that there was a misapprehension as to the true boundaries of the lands intended to be conveyed. If the appellees were required to sell on the 44 acre basis as contended by appellant and not on the 58 acre basis for which they contend, they would receive approximately $10,000 less than they had expected to receive. Contrarily, on the 58 acre basis the appellant would be required to pay that amount in excess of the amount computed on a 44 acre basis.
Specific performance is a remedy resting in the sound judicial discretion of the chancellor. Martin v. Albee, 1927, 93 Fla. 941, 113 So. 415; Todd v. Hyzer, 1944, 154 Fla. 702, 18 So.2d 888; and Topper v. Alcazar Operating Co., 1948, 160 Fla. 421, 35 So.2d 392. When all the circumstances of this case are considered, the chancellor in the exercise of his discretion was warranted in denying specific performance. However, no satisfactory basis appears for the forfeiture of the deposit. The deposit money should be returned to the appellant. Accordingly, the decree is affirmed as to the denial of specific performance and reversed as to the forfeiture of the deposit money.
Affirmed in part and reversed in part.
ALLEN and SHANNON, JJ., concur.