ERVIN, Judge.
Appellants sought review of an order dismissing their action for specific performance, and appellees cross-appealed the trial court’s denial of their motion for attorney’s fees. We affirm all points raised, except that portion of the trial court’s order denying return of appellants’ option consideration, and that portion refusing to grant appellees/cross-appellants’ motion for attorney’s fees as prevailing parties, and remand the cause to the trial court for further findings as to these two issues.
Appellants, Louisiana Southern Timber-lands, Inc. and Edwin T. Culbreath, sought to purchase frontage property along Highway 231 in Jackson County owned by ap-pellees, Allen, John, and Levy Ward. The parties entered into an option agreement to purchase, but prior to closing, a dispute arose between them regarding the actual extent of highway frontage described in the agreement. When the appellees refused to close, appellants filed a suit in equity seeking to force appellees to specifically perform their contract to convey the property in question, pursuant to the legal description contained in the agreement, which a later survey revealed contained *378 less highway frontage than stated in the agreement. At the conclusion of appellants’ evidence, the trial judge granted ap-pellees’ motion for involuntary dismissal, indicating that she would not order specific performance in view of the appellants’ failure to prove the parameters of the property they wished to acquire.
Under the terms of the option agreement, appellants have paid appellees $18,-000.00 consideration to keep open the option to purchase. A fair reading of the record suggests that the trial judge concluded there never was a meeting of the minds between these parties, therefore, the option agreement was unenforceable. If this was indeed the trial court’s ruling, the appellees must return the consideration paid them by appellants pursuant to the agreement. See Mayer v. Willis, 104 So.2d 676 (Fla. 2d DCA 1958). On the other hand, if the lower court determined that a contract did exist, but declined to order specific performance for some other reason, appellees are entitled to recover attorney’s fees pursuant to paragraph 12 of the option agreement. However, because there are no specific findings of fact in the order supporting either theory, neither of these issues can be resolved.
REVERSED and REMANDED with directions to the trial court to conduct further consistent proceedings.
JOANOS and BARFIELD, JJ., concur.