THOMAS R. MARTIN, *Appellant,* v. FRED H. ALBEE AND E. W.
    NASH, CO-PARTNERS TRADING AS ALBEE & NASH, *Appellee*

Division A.

Opinion Filed April 26, 1927.

Petition for Rehearing denied June 13, 1927.

1.  The relief prayed for in a suit for specific performance of
    a contract for the sale of land is largely within the discretion
    of the Chancellor to grant.  It is not a matter of right but
    is subject to the circumstances of the transaction which
    may or may not move the conscience of the Chancellor who
    in his decrees and orders is controlled by rules of law
    which constitute his guide.

2.  If the contract for the sale of land is mutual, supported by
    a consideration, fair and reasonable in all its terms and the

vendee may not be amply compensated by damages at law for a breach of the agreement, the complainant should not be denied relief if he has complied with the agreements on his part to be performed.

3. The requirement of a tender of purchase money in a contract for the sale of lands does not in all cases mean a tender of money strictly valid at law but a present readiness, willingness and ability in good faith to perform the acts required provided the other party will concurrently do the things which he is required by the contract to do and notice by the former to the latter of such readiness, willingness and ability to perform.

4. A bill for the specific enforcement of a contract for the sale of land is good against a general demurrer for want of equity which alleges that the vendee before the date fixed upon in the agreement for the acceptance of the option accepted the proposition in writing and offered to do and perform all things required of him to be performed and that he was ready, willing and able to do so and notified the seller of his willingness, ability and readiness to perform the agreement, and that the obligations of the parties to the agreement were concurrent, that is, the payment of the money by the purchaser and the delivery of the deed by the seller were to be concurrent acts.

An Appeal from the Circuit Court for Sarasota County; W. T. Harrison, Judge.

Order Reversed.

*Burket & Fish* and *Harold H. Flower,* for Appellant;

*Perry, Williams & Williford,* for Appellees.

ELLIS, C. J.—This is an appeal from an order sustaining a demurrer to a bill in chancery for specific performance of a contract for the sale of land. The facts are sufficiently stated in the opinion.

It was alleged that Albee and Nash are co-partners engaged in the business of buying, selling, leasing and otherwise dealing in real estate. The complainant had an option to purchase from Albee and Nash certain property for the sum of $65,000. The agreement, which covered other matters, ran from its date, March 16, 1922, to January 1, 1925. It contained a clause that Martin should receive a commission of five per cent on all property sold in the Albee and Nash subdivision. The bill alleges that Martin went into possession of the property upon which he subsequently acquired the option in January, 1922. That about September 10, 1924, he decided to "exercise the option contained in the memorandum agreement." He did so by telegraphing Mr. Albee that he exercised his option to purchase and by letter confirming the telegram. The telegram requested delivery of "abstract to date together with executed deed under instructions" to the bank.

It is alleged that the property was partnership property and was held and dealt with by Albee and Nash as such; that after September 10th and before January 1, 1925, the complainant met Nash and orally notified him that he (Martin) had exercised his option to purchase and that he was ready, willing and able to carry out the agreement; that at all times since September 10, 1924, the complainant has been ready, willing and able to carry out the *option agreement* and at various times has made demand upon the defendants that they carry out that part of the agreement by them to be performed but they have failed and refused to do so; that at each demand the complainant "tendered full performance upon his part except at those times when it was apparent from the terms of the refusal of the defendants that further tender of performance on his part was a useless and an idle ceremony". The complainant offered to pay into court the money he was to have paid for the property.

It is alleged that the defendants have made a contract for the transfer of the property to Alfred Waldron. The bill prayed for an injunction to restrain the defendants from commencing and maintaining any actions against the complainant on account of his possession of the property which he held under the contract of sale; for specific performance and an accounting from defendants of all commissions due under the agreement. The demurrer was general as to each of the grounds set forth as a basis of relief.

It was contended that the allegations were insufficient to support specific performance or an accounting or an injunction.

As to the accounting we think the allegations of the bill are insufficient but we do not agree with the Chancellor as to his conclusions upon the right to a specific performance of the agreement and an injunction to restrain the defendants from annoying the complainant by litigation in relation to the property they agreed to sell to him. That the complainant's right to the relief prayed should be made to depend upon the presence in the bill of a direct, positive, affirmative allegation that the purchase price of the property, $65,000.00, was tendered to the defendants in specie or currency, legal tender of the United States, prior to the 1st day of January, 1925, would seem to strip the court of chancery of the discretionary powers it exercises in these cases and restrict the equitable remedy within as narrow and unyielding limitations as could be imposed by an inflexible rule of law.

The relief prayed for in a suit for specific performance is largely within the discretion of the Chancellor. It is not a matter of right solely but it is subject to the circumstances of the transaction which may or may not move the conscience of the Chancellor which in all his decrees and orders must be colored or tempered by the rules of law which con-

stitute his guide and compass. See Knox v. Spratt, 23 Fla. 64, 6 South. Rep. 924; Asia v. Hiser, 38 Fla. 71, 20 South. Rep. 796; Nobles v. L' Engle, 61 Fla. 696, 55 South. Rep. 839; Williams v. Bailey, 69 Fla. 225, 67 South. Rep. 877; Williams v. Nceld-Gordon Company, 86 Fla. 59, 97 South. Rep. 314; 25 R. C. L. 216.

The exercise of equity jurisdiction for the specific performance of contracts for the purchase of property is controlled by the provisions and principles of law and equity applicable to the particular facts and circumstances. See Dixie Naval Stores Co. v. German-American Lumber Co., 76 Fla. 339, 79 South. Rep. 836; Chabot v. Winter Park Co., 34 Fla. 258, 15 South. Rep. 756, 43 Am. St. Rep. 192; Richardson v. Varn, 80 Fla. 517, 86 South. Rep. 503.

If the contract is definite as to terms and description of land, is mutual, supported by a consideration and the vendee may not be amply compensated by damages at law for breach and the contract is fair and reasonable in all its terms he should not be denied the relief if he has complied with the requirements on his part to be performed or if the vendor has by his acts, declarations or express waiver dispensed with such performance. See 25 R. C. L. 244-256; 24 Stand, Ency. Proc. 763.

The requirement of a tender of purchase money does not mean in all cases a tender strictly valid at law, but means a "present readiness, willingness and ability in good faith to perform the acts required of one by the agreement, provided the other party will concurrently do the things which he is required by the contract to do and notice by the former to the latter of such readiness, willingness and ability." See Shouse v. Doane, 39 Fla. 95, text 108, 21 South. Rep. 807.

The option which later merged into a contract was supported by a consideration. The letter containing the option, dated March 16, 1922, stated that "In consideration of your

valuable services in the past sixteen months and other considerations herein after mentioned we propose and agree to retain you as our official Architect for any and all building operations which we will be directly or indirectly interested in at or near Nokomis, Florida." After reciting what fees Martin should receive, the letter bound Martin to act as local correspondent to answer inquiries concerning the interests of Albee and Nash. That as additional compensation to Martin he was to have 5 per cent on all property sold in the Albee and Nash subdivision; that he was to have a concession to operate a general store on the "Albee Boulevard" and as a further consideration Martin was given "first option to purchase Pollyanna Inn and all buildings located on Lots 1 and 2 in Block 3 in Albee & Nash Subdivision in Nokomis, Florida, for the sum of Sixty-five Thousand Dollars ($65,000)." The letter contains a clause as follows: "Finally it is understood and agreed that this agreement will continue from this date until January first, 1925."

There were two paragraphs at the bottom of the letter below the signatures which were as follows:

"1.—This agreement supercedes and nulified all agreements of prior date between both parties hereto.

"2.—Non compliance of this agreement by either party will allow the offended party the option to cancel this agreement."

The agreement was sworn to by Martin on November 27, 1923, as to its execution by all parties.

There is nothing in the agreement in relation to any of its provisions as to time being of its essence. With reference to the option to purchase the case was one of mutual and concurrent promises. The payment of money to Albee and Nash and the conveyance by them to Martin were to be simultaneous acts. The money was not to be paid before the deed conveying a good title was delivered no more

than that the deed was to be be delivered before the money was to be paid. A tender of the performance of all conditions by Martin to be performed in that case does not mean the same thing as an offer to pay an ordinary debt due in money where the creditor is entitled to receive it and nothing further is to be done and the transaction is completed and ended, but, as said by the Supreme Court of Illinois in Clark v. Weis, 87 Ill. 438, 29 Am. Dec. 60, and referred to and quoted by this Court in the opinion in Shouse v. Doane, *supra,* "it only means a readiness and willingness, accompanied with an ability on the part of one of the parties, to do the acts which the agreement requires him to perform, provided the other will concurrently do the things which he is required by it to do, and a notice by the former to the latter of such readiness". See also Taylor v. Mathews, 53 Fla. 776, 44 South. Rep. 146.

Not only was the option supported by a past consideration consisting of valuable service rendered but it was supported by a consideration daily contributed by Martin during the period of nearly three years during which it ran while he was in the service of the vendors. About three and a half months before the expiration date of the option to purchase he decided to exercise his option and formally notified the parties by telegram and letter. The acceptance of the offer merged the option into a contract for the purchase of the property and constitutes such a contract as equity will enforce. See 25 R. C. L. 236; Rude v. Levy, 43 Colo. 482, 96 Pac. Rep. 560, 127 A. S. R. 123, 24 L. R. A. (N. S.) 91.

The bill is sufficiently clear against the demurrer that the defendants by their failure and refusal to comply with the agreement on their part abandoned, repudiated and refused to perform the acts on their part which were concurrent with that which the complainant was to do, namely: pay the money. In the circumstances of this case we are

of the opinion that such conduct amounts to an excusal or waiver of tender of actual money even if any was required under the agreement.  24 Stand. Ency. Proc. 763.

The order sustaining the demurrer to the third amended bill and dismissing the bill is reversed.

STRUM AND BROWN, J. J., concur.

TERRELL AND BUFORD, J. J., concur in the opinion.

WHITFIELD, J., dissents.