DREW, Justice.
The petition for writ of certiorari in this cause [1] is addressed to a decision of the District Court of Appeal, Third District, affirming a summary decree entered in the circuit court for the respondent, Rose Roth-man, widow of William Rothman, deceased.
The dispute between the parties arises out of an antenuptial agreement by which the respondent agreed to accept a $5,000 cash payment in lieu of all rights which, as a widow, she might otherwise have in and to the property of her husband after his death, provided “however, in any event, such sum shall be paid not later than six (6) months after the death of” the husband.[2] Immediately after William Roth- *329 man’s death one of the petitioners, a co-executor under decedent’s will, offered to pay the widow the sum specified on condition that, among other things, she would hand over rental monies allegedly collected by her during her husband’s terminal illness, account for expenditures, and vacate the homestead or agree to lease the same. It was the view of the district court that this “tender” did not constitute substantial compliance with the agreement or substantial performance of the condition precedent of timely payment.
Petitioners argue that this decision conflicts with previous decisions of this Court to the effect that a requirement of tender or performance of a condition precedent under such circumstances is met by a “present readiness, willingness, and ability in good faith to perform the acts required of one by the agreement, provided the other party will concurrently do the things which he is required by the contract to do.”[3]' (Emphasis added.) The underlying question posed, in determining jurisdiction of this Court upon a conflict theory, is whether the decision of the district court is one which, in the face of established precedent, holds that a contracting party does not have the right to condition his tender upon concurrent performance by the other party of those “things which he is required by the contract to do.” This is not, in either form or substance, the result of the decision below.
The problem before the court was that of deciding exactly what conditions the petitioner might, under the terms of the agreement, attach to a tender of payment, or, ultimately, whether all of the things required by petitioner as conditions to the offer of payment were things which Mrs. Rothman was actually “required by the" contract to do.” The controversy thus' relates to the sufficiency of tender and: not to its necessity, there being no apparent contest at this point of the designation of the timely payment clause as a condition precedent to the binding effect of the agreement upon the widow. Even if, under the terms of the contract, petitioner could have conditioned tender upon relinquishment of the homestead property, we believe that in some respects the demands made upon respondent, although they may have been quite proper when made independently in the performance of the duties of executor, were, nevertheless, questionable when imposed as conditions to the only offer of timely payment under the contract, which required only that she relinquish her rights “as widow.” Upon a full consideration of the opinion and record we think there is a reasonable basis for the court’s conclusion that petitioner attempted to require of Mrs. Rothman more than “the things which [she] is required by the contract to do,” or that the tender was not in substantial compliance with the condition precedent.
The contention here is, necessarily, that the decision of the district court is in direct conflict upon the same point of law with certain earlier decisions cited. Our analysis of the holding in this case, however, discloses that the point of law established in the prior cases, i. e. that tender may be conditioned upon concurrent performance by the opposing party, is not here in controversy. The dispute involves, instead, the limits and propriety of the concurrent performance demanded. Resolution of the latter issue does, of course, determine whether petitioner’s tender was adequate and in substantial performance of the condition precedent to efficacy of the contract *330 against' respondent. But the decision on that point, the material issue in this case, is not in direct conflict with the earlier decisions cited. Those cases do not deal with contractual provisions or factual situations such as here involved, and consequently are not authority for the proposition that the tender in this case was adequate or that all conditions imposed upon the respondent widow were authorized by the terms of the contract. There was presented at least a justiciable issue in this respect under the contract and applicable principle of law, and we cannot, accordingly, find a patent conflict between the decision and the cases cited. The jurisdictional issue is, we believe, quite clear, and such extended discussion justified only for the purpose of bolstering the definitive principles governing jurisdiction in this area.
Writ discharged.
ROBERTS, C. and TERRELL, THOMAS, HOBSON, THORNAL and O’CONNELL, JJ., concur.

. This petition is presented under and pursuant to Article V, Section 4, of the Constitution of the State of Florida, F.S.A., and Rule 4.5, subd. c, Florida Appellate Rules, 31 F.S.A. The opinion of the court below, containing full statement of facts, is reported in 127 So.2d 143, Fla.App.1961. For disposition of related litigation see In Re Estate of William Rothman, dec’d., Fla.App.1958, 104 So 2d 607.

. The agreement provided, inter alia:
“ . . . this sum is given and accepted as full payment for any and all rights, which, as a widow, the party of the second part might otherwise have and be entitled to receive and that this instru *329 ment is agreed and understood to be a relinquishment of all such rights upon the payment of the stipulated sum. * * * ” (Emphasis added.) No party to this litigation questions the fact that time of performance was of the essence and that payment was a condition precedent to the relinquishment.

. Shouse v. Doane, 39 Fla. 95, 21 So. 807; Taylor v. Mathews, 53 Fla. 776, 44 So. 146; Martin v. Albec, 93 Fla. 941, 113 So. 415; Walker v. Close, 98 Fla. 1103, 125 So. 521, reh. den. 98 Fla. 1103, 123 So. 289.