196 So.2d 780 (1967)
George B. GLAVE and Jane F. Glave, His Wife, Appellants,
v.
Carl R. BRANDLEIN and Dorcas Brandlein, His Wife, Appellees.
No. 204.
District Court of Appeal of Florida. Fourth District.
March 13, 1967.
Rehearing Denied April 10, 1967.
Ralph Geilich, of Williams & Geilich, Melbourne, for appellants.
Lealand L. Lovering, of Miller, Cone, Owen, Wagner & Nugent, Rockledge, for appellees.
WALDEN, Chief Judge.
Defendants contracted to sell certain land to plaintiffs. When defendants refused to convey, the plaintiffs sued in chancery to force defendants as vendors to specifically perform their contract.
The chancellor found that plaintiffs as vendees had failed to tender the balance *781 of the purchase price ($37,000) and thereupon entered a final decree in favor of the defendants. Plaintiffs appeal. We affirm.
Going straightway to the dispositive law of the case, we say that, in order for a vendee to obtain specific performance of a real estate sales contract by a vendor, the vendee must allege and prove that the vendee has either:
a. paid the balance due, Shouse v. Doane, 1897, 39 Fla. 95, 21 So. 807;
b. tendered such balance, White v. Cohn, 1939, 137 Fla. 501, 188 So. 581;
c. been ready, willing and able to pay such balance, 330 Michigan Avenue, Inc. v. Cambridge Hotel, Inc., Fla. App. 1966, 183 So.2d 725; or
d. been excused from such performance. Haimovitz v. Robb, 1937, 130 Fla. 844, 178 So. 827.
See also the unvarying encyclopedic treatment of this general rule stated in 29 Fla.Jur., Specific Performance, §§ 31, 107, 126, and 130; 49 Am.Jur., Specific Performance, §§ 40, 143, 161; 22 F.L.P., Specific Performance, §§ 13, 18; 81 C.J.S. Specific Performance, §§ 95, 131.
The kernel of this dispute is disclosed by the single appeal point framed by appellant:
"Is it a condition precedent to the enforcement by specific performance of contract to sell property, where the Seller has failed to deliver an abstract or offer a policy of title insurance as required by the contract, that the Purchaser make a cash tender?"
Our answer is simple and constitutes a mere re-statement of the already mentioned general rule. As a condition precedent to specific performance the seeking purchaser must either pay the contract sum; tender it; establish that he is ready, willing and able to do so; or establish that he has been excused from so doing. It would be an anomaly indeed, under equity principles, for a vendee to ask a court to judicially require a vendor to remedy his defaults and perform his covenants by conveying title to vendee when there is no showing on the part of such vendee that he has paid or tendered the contract price as covenanted or that he is willing and has the ability to do so.
By way of hindsight survey, appellant should have done equity by either tendering the purchase price balance or properly showing his willingness and present ability to do so. This would serve to place the vendor in default and entitle the vendee to specific performance.
Appellants assert, though, that they were legally ready, willing and able to pay the balance of the purchase price. Looking at their complaint, we see an allegation that they "were ready and willing to comply with the terms of said contract" (while not essential or controlling, it is interesting that the customary word "able" was omitted, particularly in light of the testimony and strong inferences to the effect that vendees did not have the cash and were attempting to obtain financing with no showing of success during the various negotiation and contract stages). Looking at the record, we did not see any evidence whatever in support of appellants' material allegation that they were ready and willing to pay the purchase price. The only direction offered us in this regard by appellants was to point to a certain letter written to vendors' attorney. We carefully examined the item and do not find any help there for appellants' position.
Plaintiffs have failed to establish their right to relief and to show that the court's exercise of discretion in the premises was contrary to law. Martin v. Albee, 1927, 93 Fla. 941, 113 So. 415.
Affirmed.
PIERCE, WILLIAM C., and WHITE, JOSEPH S., Associate Judges, concur.