215 So.2d 37 (1968)
W.P. WILSON, Appellant,
v.
J.D. ODOM, Jr., and Vernie Phillips Odom, His Wife, and the First National Bank of Live Oak, a Banking Corporation Organized and Existing under the Laws of the United States of America, and George M. Beech, Appellees.
No. J-102.
District Court of Appeal of Florida. First District.
October 17, 1968.
*38 Duss, Butler & Marees, Jacksonville, for appellant.
Robert A. Andreu, St. Augustine, for appellees.
SPECTOR, Judge.
This is an appeal from a final judgment denying the purchaser specific performance pursuant to an option agreement to purchase real property.
Briefly stated, the facts show that the appellant Wilson obtained possession of the property here involved from appellee Odom's predecessor in title under a lease that contained an option to purchase.
The appellant, in due course, exercised his option to purchase and upon the appellee's refusal to convey, this suit for specific performance was filed.
The judgment resulting from this suit and now before us for review denied the appellant's right to specific performance on a finding of fact that the appellee was willing to convey the property on the agreed date for closing, but that the appellant did not have the necessary funds to close on that date.
The facts germane to this appeal show that only after three notices by the appellant that he was exercising his option to purchase and three attempts by the appellee to avoid the option or to make a new and different agreement, the appellee, through his attorney, on July 15, 1965, agreed to convey the property involved.
After some delay occasioned by exceptions to title, type of deed to be delivered, and obtaining a title insurance binder, a tentative closing date of November 4, 1965, was set.
By letter dated October 26, 1965, counsel for the appellee confirmed the November 4, 1965, closing date but conditioned the conveyance by the following modification:
"Mr. Odom is also requiring me to put in the deed that it be subject to the oral agreement he has with your father or, if not in the deed, in an agreement that you will agree to save him, J.D. Odom, harmless from any suits your father may institute against him because of the property sold to you."
Two days later, by letter dated October 28, 1965, counsel for the appellee wrote the appellee as follows:
"I am advised that Mr. Bush, the representative of the United States, who is making the loan to Mr. Wilson, can not meet with us as agreed on November *39 4th. I have given them an alternative date of Monday, November 15th, at 2:00 o'clock p.m., in my office. I will assume this is agreeable to you unless I hear from you to the contrary."
The appellee's response to this alternative date was, as shown below, an unequivocal refusal to close on any date. His letter to his attorney, dated November 1, 1965, and transmitted to the appellant by the attorney's letter of November 2 was as follows:
"This is to advise you that I feel I am no longer obligated to Mr. W.P. Wilson on his written lease option or to Mr. Ernest Wilson on our oral lease option.
"Please notify both by registered mail, sign receipt requested, their time is up, and if they are interested in negotiating a deal with me, they should contact me by Nov. 4th, 1965, as I have several different parties interested in leasing and buying this farm."
It is our determination that the appellant has failed to meet his burden of demonstrating error by relying on the doctrine of anticipatory breach. His contention that the appellee's unequivocal refusal to close on November 4, 1965, prior to that date is overcome by his failure to show ability to pay the purchase price on that date. Glave v. Brandlein, 196 So.2d 780 (Fla.App.4th 1967).
However, another and more availing question is raised by the letter of appellee's attorney that confirmed the November 4 closing but also included a requirement or demonstrated an intent on the part of the appellee to close only if the appellant agreed to a modification of the option agreement. This modification that the deed be subject to some oral agreement with the appellant's father or a save harmless agreement obviously is not contemplated by the option agreement.
It is a fundamental principle of law that modification of a contract must be supported by consideration, Murphy v. Royal American Industries, Inc., 188 So.2d 884 (Fla.App.4th 1966), and cannot be made by one party to the contract without the assent of the other party. United Contractors, Inc. v. United Construction Corp., 187 So.2d 695 (Fla.App.2d 1966).
The record before us is devoid of any evidence that would prove consideration or assent. Indeed, the appellee makes no claim that the appellant received consideration or that he consented to the proposed modification in any way. On the other hand, we do find that the appellant objected to the modification by letter from his attorney dated November 8, 1965, only four days after the aborted closing date. He also charged in his complaint that the appellee:
"* * * insisted that any conveyance by them made would be subject to invalid, inconsistent and uncalled for reservations in such deed, * * *."
Again in the complaint he tracked the language of the October 26 letter written by the appellee's attorney, as quoted above, that the deed was to be subject to an oral agreement uncalled for in the option.
The conclusion that the appellee was not willing to convey in accordance with the terms of the option agreement is unavoidable when it is considered that he was willing to convey only if the agreement were modified in accordance with his requirements.
The legal effect of the appellee's unwillingness to convey is found in Tate v. Pensacola, Gulf, Land and Development Co., 37 Fla. 439, 20 So. 542 (1896), in which the Florida Supreme Court ruled as follows:
"The defendant, in order to avail himself of the plaintiff's delay as a defense, must have performed, or been ready and willing to perform, all the terms of the contract on his own part."
Although the appellant relies on anticipatory breach to show the appellee's unwillingness to close, he pled and proved *40 that the appellee conditioned his willingness to close upon a modification of the option contract, and the record before us contains ample evidence of such pleading and proof. Therefore, in consideration of that proof and our views as stated above, the judgment appealed is reversed and this cause is remanded for further proceedings consistent with this opinion.
RAWLS, Acting C.J., and JOHNSON, J., concur.