CARROLL, DONALD K., Judge.
The plaintiff in an action for the specific performance of a real estate contract has appealed from a final decree entered by the Circuit Court for Escambia County, denying the relief sought.
The principal question presented for our determination in this appeal is whether that court correctly held that the said contract is not susceptible of legal enforcement and hence the plaintiff is not entitled to specific performance thereof.
Briefly stated, the basic facts shown by the evidence adduced by the parties are as follows:
The plaintiff,. Ories Guy Sorrell, and his former wife owned certain “motel and farm property” in the said county as tenants in common, and the defendants W. R. Stacey and his wife owned certain “lake property” in the county.
In early 1966 Sorrell rented the lake property from the Staceys, with an oral option to purchase it. On May 24, 1966, Sorrell and Stacey executed the written agreement which is the basis for the present action.
Under that agreement Sorrell was to receive title to the lake property subject to a mortgage to the appellant home and savings association, and the Staceys were to receive Sorrell’s one-half interest in the motel, also subject to a mortgage. It was agreed that the contemplated transaction *923 was to be completed within five months— that is, by October 24, 1966.
In his findings of fact incorporated in the final decree appealed from herein the chancellor correctly found from the evidence that Stacey “changed his mind prior to the expiration date of October 24, 1966, and was at fault for not completing the transaction. There is no competent evidence that Sorrell would not and could not have consummated the trade on or before October 24, 1966.”
The attorney representing both parties in the negotiations testified that the plaintiff, Sorrell, was ready to complete the transaction by the deadline of October 24, 1966, and that Sorrell executed a deed in favor of the Staceys, dated October 24, 1966, which deed was ready for delivery to Stacey. Stacey, who had been in touch with other persons about selling the lake property under contract to Sorrell, refused to do his part in the exchange of deeds as agreed to in the agreement of May 24, 1966.
Nevertheless, the chancellor in the said . decree held that Sorrell was not entitled to specific performance of the agreement against the Staceys, and gave the following as the court’s “ratio decidendi”:
“It is elementary that the Court is not permitted in .a suit for specific performance to make a new and different contract for the parties. The Court should compel performance of a contract only in the precise terms agreed upon by the parties (29 Fla.Jur., Specific Performance, Section 155). The terms and provisions of the agreement are so complex and interwoven that certainty is lacking. The contract, by the passage of time, is not now susceptible of legal enforcement to conform to the original intent of the parties. The Court, therefore, concludes that Sorrell is not entitled to specific performance from the Staceys.”
We agree with the general principles recognized in the first two sentences in the above quotation, but we do not agree with the court’s statement that the terms and provisions of the agreement “are so complex and interwoven that certainty is lacking” and that the contract “is not now susceptible of legal enforcement to conform to the original intent of the parties.” While we recognize that the terms and provisions of the agreement are complex and interwoven, that fact should not preclude a court from enforcing the contract in this modern day in which business transactions are frequently both complex and interwoven.
Exactly what the chancellor had in mind when he included the above-quoted paragraph in his decree, we cannot ascertain from the record before us, and no light on this situation is furnished by the Staceys, who filed no brief in this appeal.
Not only is the sanctity of the agreement involved in this cause but the chancellor recognized in his decree that certain equitable considerations favoring Sorrell, such as the finding that Sorrell, prior to the execution of the agreement, entered into possession of the lake property and thereafter made certain payments on a first mortgage as well as improvements.
In its quintessence this situation is comparable to that in Wilson v. Odom, 215 So.2d 37 (Fla.App. 1968), in which this court reversed a final judgment denying a purchaser specific performance pursuant to an option agreement to purchase real property, invoking the fundamental principle that a modification of a contract must be supported by a consideration and cannot be made by one party without the assent of the other.
For the foregoing reasons we are of the opinion that the agreement in question was susceptible of specific performance and that Sorrell was legally and equitably entitled to such enforcement against the Staceys.
In view of this holding we need not and do not pass upon the other points raised in this appeal.
*924 The final decree appealed from herein, therefore, must be, and it is, reversed and the cause is remanded with directions for further proceedings consistent with the views hereinabove set forth.
Reversed and remanded with directions.
JOHNSON, C. J., and RAWLS, J., concur.