PER CURIAM.
Plaintiff-appellant appeals a final judgment denying plaintiff’s complaint for declaratory decree and granting defendant-appellees’ counterclaim for specific performance.
On September 8, 1967, plaintiff-appellant, 1178 Development Corporation, as vendor and defendant-appellees, Jose and Julia Garcia, as vendee entered into a contract for the sale and purchase of certain property. The parties executed an agreement for deed which provided, inter alia: (1) *541 that appellees agree to pay appellant the sum of $7,995 to be paid as follows: $250 down and $75 per month thereafter; (2) in case of failure of appellees to make any of the designated payments for a period of 30 days after the maturity thereof, the contract would be terminated and all prior payments forfeited; (3) appellees would be responsible for taxes after 1967; (4) appellees would have the privilege at any time of paying in advance the unpaid balance of the contract; and (5) the agreement could not be recorded nor assigned without the written consent of appellant. Thereafter, appellees made the monthly payments from October 8, 1967 until September 8, 1972 at which time their check was returned for insufficient funds. However, appellees made the October 1972 payment and on November 2, 1972 sent to the appellant a letter expressing their intent to pay the entire balance due under the agreement. On November 8, 1972, plaintiff-appellant mailed to the appellees a letter enclosing therein the check of September 8, 1972 and stating that the contract was terminated because appellees were several payments in arrears. On November 13, 1972, appellees again wrote appellant and requested that the appellant inform them of the total amount of the balance due which they wished to satisfy. Appellees’ monthly payment for November 8, 1972 was tendered, but refused. No further payments were tendered and on February 16, 1973 plaintiff-appellant filed its complaint for declaratory relief wherein it sought to have the agreement for deed terminated in that ap-pellees (1) failed to make the monthly payments and pay the taxes for the year 1970 and (2) recorded the agreement without appellant’s consent. Defendant-appellees answered and counterclaimed for specific performance based upon the conveyance of their intention of paying in advance the entire unpaid balancé. The cause came on for non-jury trial at the conclusion of which the chancellor entered the herein appealed judgment denying plaintiff’s complaint for declaratory relief and granting defendant-appellees’ counterclaim for specific performance upon their payment within five days of the unpaid principal of $5,214.13 plus interest.
Plaintiff-appellant contends that the chancellor erred in granting specific performance. We cannot agree.
If a vendee is given the possession of the property as in the case sub judice, but fails, after making part payments on the purchase price, to complete the contract as expressly stipulated, he may still have the equitable right to require a conveyance of title to the property, provided that he complies with his obligations under the contract and does equity within a reasonable time, either during or after the expiration of the contract period. See 29A Fla.Jur. Specific Performance § 76 (1967).
Turning to the case sub judice, in light of the above principal of law, we find that although appellees’ check of September 8, 1972 was returned for insufficient funds, appellees did make the October 8, 1972 payment and then on November 2, 1972, before appellant sent its notice of cancellation, conveyed their intention to pay the entire balance of the purchase price as provided for by the terms of the agreement for deed. Thus, we find that the chancellor was eminently correct in granting defendant-appellees’ counterclaim for specific performance. Cf. Glave v. Brandlein, Fla.App.1967, 196 So.2d 780.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.