332 So.2d 107 (1976)
Louise M. DOOLITTLE, Appellant (Defendant),
v.
FRUEHAUF CORPORATION, a Corporation, Appellee (Plaintiff).
No. W-413.
District Court of Appeal of Florida, First District.
May 18, 1976.
Rehearing Denied June 11, 1976.
*108 George L. Hudspeth and Jean C. Coker, of Mahoney, Hadlow, Chambers & Adams, Jacksonville, for appellant.
Herman Ulmer, Herman Ulmer, Jr., and Gary B. Tullis, of Ulmer, Murchison, Ashby & Ball, Jacksonville, for appellee.
MILLS, Judge.
Fruehauf sought specific performance of an option to purchase contained in a lease between it and Doolittle. Following a nonjury trial, a judgment was entered in favor of Fruehauf. Doolittle appeals from this judgment.
The issue presented to us is whether the option was properly and timely exercised by Fruehauf.
Fruehauf and Doolittle entered into a lease. The lease gave Fruehauf an option to purchase the leased premises. The option read as follows:
"Lessee shall have the further right and option to purchase the demised premises after the first year of this lease and during the remainder of the term and any extension or renewal thereof for the sum of $50,000 cash."
The lease ended on 31 October 1973. On 19 September 1973, Fruehauf gave written notice of its desire and intent to purchase the leased premises. Doolittle *109 acknowledged receipt of this notice by letter of 28 September 1973, and enclosed with the letter a proposed form of warranty deed. No further correspondence was had between the parties until 12 December 1973, when Doolittle by letter of that date wrote Fruehauf:
"Since you have elected not to exercise the option .. . the option has expired."
On 18 December Fruehauf tendered the $50,000 purchase price and asked for delivery of Doolittle's warranty deed. The $50,000 check was not accepted by Doolittle. She stated that the tender of the purchase price had not been made prior to the termination of the lease.
From the outset, it should be noted that the lease did not specify the manner in which the option was to be exercised nor did it set forth any time or procedure for closing the purchase in the event the option was exercised.
It is not necessary to tender purchase money as a condition precedent to exercising an option, if this condition is not expressly stated in the option. Martin v. Albee, 93 Fla. 941, 113 So. 415 (1927); Sisco v. Rotenberg, 104 So.2d 365 (Fla. 1958).
The two steps which are necessary to exercise an option are: (1) there must be a decision by the optionee to purchase the property under the terms of the option; (2) the optionee must communicate the decision to the optionor within the life of the option. Norris v. Eikenberry, 137 So. 128 (Fla. 1931).
In the case before us, Fruehauf determined that it wished to purchase the property in accordance with the terms of the option. In other words, for $50,000 cash. Then by letter of 19 September, Fruehauf attempted to communicate this decision to Doolittle. Doolittle contends that the language used in the letter was not sufficient to constitute an acceptance and would not have been binding on Fruehauf had Doolittle chosen to maintain an action for specific performance. The language Doolittle refers to are the phrases "desire to purchase" and "intent to purchase". However, this supposedly conditional language must be read in the context of the letter:
"Fruehauf Corporation herewith tenders formal notice of their desire to purchase the property. We are hopeful conveyance can be officially consummated on or about October 31, 1973. We will appreciate acknowledgment from you of this notice of our intent to purchase. Also, we would appreciate your suggestions and comment on what documents you will prepare and/or provide before and at the closing."
In our opinion, this language is not equivocal, ambiguous or conditional. It clearly communicates Fruehauf's decision to purchase the property from Doolittle, and that is all that is required to exercise an option. At this point the option became a bilateral contract, binding on both parties, and susceptible of enforcement by a court of equity in a suit for specific performance.
Doolittle contends that if the option is deemed to have been exercised and a bilateral contract created, the terms of the option become the terms of the contract. She argues that the phrase "time is of the essence" in the lease agreement now becomes a term of the contract. Therefore, since time is of the essence, Fruehauf breached the contract by not paying the purchase price by 31 October when the lease was to be extinguished. There is nothing in the option which indicates that the purchase price had to be paid before 31 October. When there is no time set for the performance of a certain act, it is interpreted to mean that the act must be done within a reasonable *110 time. Here there was no time set for the payment of the purchase money.
AFFIRMED.
McCORD, J., concurs.
BOYER, C.J., dissents.
BOYER, Chief Judge (dissenting.)
I respectfully dissent. Although I have the utmost confidence in the learned and able trial judge and I recognize the presumption of correctness accorded by law to his findings and conclusions, I am of the view that the language of the letter from Fruehauf Corporation tendering "formal notice" of its "desire" to purchase the subject property was not sufficient to turn a unilateral contract (the option) into a binding bilateral contract which would have bound Fruehauf to purchase, had it subsequently refused so to do. Certainly I agree that, absent a provision so requiring, in order to exercise an option to purchase it is not necessary for the exercise to be accompanied by a tender of the purchase price. However, in the absence of a simultaneous tender of the purchase price, the exercise of the option must be unequivocal. A recitation that the optionee "desires" to purchase the subject of the option is not unequivocal. Further, the option clearly provided that Fruehauf Corporation had the option "to purchase" the subject property during the term of the lease. The lease term expired on October 31, 1973. Normally an option provides the manner by which it may be exercised, the date thereof, the terms of the purchase and a deadline for consummating the purchase. The option here involved contained no such provisions. In the absence of such provisions I would hold that the language of the option means what it says and that the "purchase" was required to have been accomplished within the prescribed period of time. It was not.
I would reverse.