BOARDMAN, Judge.
James and Patricia Willis, defendants below, take this interlocutory appeal[1] from an order of the trial court directing that they immediately disburse to plaintiff/appellee Hillsborough Homes, Inc. sixty per cent of the amount in dispute. We reverse.
Appellee filed a complaint against appellants seeking to foreclose a mechanic’s lien on certain real property owned by appellants, alleging that $11,654 remained due and owing to appellee. Appellants filed a motion requesting that the trial court compel appellee’s agent, R. M. Segrest, to produce a check to both parties from Fidelity Federal Savings & Loan which Segrest was holding and which appellants had refused to endorse, offering to deposit the proceeds from the check into the registry of the court or to deposit the funds as otherwise agreed between counsel for the parties pending disposition of the case. Appellants also filed an answer and counterclaim, denying essentially all of the allegations in appellee’s complaint.
After hearing on appellants’ motion, the trial court ordered appellants to endorse the check and ordered appellants’ counsel to disburse to appellee $6,992.40 from the proceeds of the check, that amount being sixty per cent of the amount in dispute. Appellants filed a motion for rehearing, objecting to the requirement that appellee be paid a portion of the amount in dispute when no evidence had been presented to support such an order. .The trial court denied the motion. This interlocutory appeal followed timely.
We have not been able to find any theory or authority to support the trial court’s action. Appellants’ pleadings denied that appellee was entitled to any of the amount claimed, and there was no evidentiary basis for an award to appellee of any portion of the amount in dispute, even on a temporary basis. Rule 1.600, Florida Rules of Civil Procedure, authorizes deposit with the court of all or any part of the sum of money in dispute. This was what appellants requested and what the trial court should have approved if it chose to take any action at all with respect to the check in question. In the alternative, the trial court could have ordered counsel for either party to place the funds in an escrow account pending final disposition of the case, as the court in fact did order with respect to the amount of the proceeds of the check remaining after disbursement of $6,992.40 to appellee.
Accordingly, the trial court’s order requiring appellants to disburse $6,992.40 of the check proceeds to appellee is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.
HOBSON, A. C. J., and OTT, J., concur.

. The appeal was taken pursuant to Rule 9.130(a)(3)(C)(ii), Florida Rules of Appellate Procedure, which authorizes appellate review of nonfinal orders of lower tribunals which determine the right to immediate possession of property.