MOORE, Judge.
The appellant, seller, appeals a final judgment awarding specific performance of a sales contract for a residential lot to appel-lees, buyers. We find that the buyers failed to prove a sufficient tender of the purchase price and reverse.
The seller and the buyers, acting on the advice of their respective attorneys who do not represent the parties on appeal, negotiated a deposit receipt contract which provided for a closing fifteen (15) days after delivery of an abstract. The seller, as trustee, owned a parcel of land consisting of sixteen (16) lots pursuant to an unrecorded plat for which the seller had received preliminary approval from the Town of Se-walls Point. In a special clause the contract further provided:
“Seller to grant easement for right-of-way from Sewalls Point Road to the property. Seller to construct roads and sewer lines as shown in the unrecorded Plat of Satin Leaf Subdivision, said Plat is incorporated by reference herein, within one year from the date of this contract at no cost to Buyers; it is specifically agreed by the parties that this provision shall survive the closing and transfer of title. Contingent on Buyers obtaining satisfactory percolation test. The Buyers will sign Plat upon presentation by Peter Lapilato. Subject to approval of Plat by Sewalls Point.”
The buyers deposited with the seller’s attorney $7,000 of the $70,000 purchase price. The contract described the property by metes and bounds as well as by reference to Lot 16 of the unrecorded plat.
In order to obtain the Town’s final approval of the plat the seller was required to provide the roads, the sewer, and the water lines as indicated on the plat consistent with the specifications contained in the Town’s Ordinance No. 64. The entire parcel owned by the seller was encumbered with a mortgage in favor of a local banking institution. The seller could not make the necessary improvements without additional financing. Furthermore, all of the parties, including their attorneys and the attorney for the Town, labored under the impression that Ordinance No. 64 prohibited a conveyance of the property until final approval by the Town and recordation of the plat. It was of no small consequence to the attorneys that, in their opinion, the execution of a conveyance in violation of the ordinance constituted a misdemeanor subject to imprisonment and/or a fine of $100.
The seller contended that closing was contingent upon plat approval and recordation. He testified that he did not believe title was to pass until after the Town approved the plat of Satin Leaf Subdivision and he also asserted that he was to use the buyers’ money to construct the necessary improvements for final plat approval. In contrast, Dr. Baker, one of the buyers, testified that he never discussed with the seller anything except the price of the lot.
After delivery of the abstract as required by the contract, the buyers’ institutional lender, from whom the buyers had obtained a mortgage commitment for the balance of the purchase price, refused to supply the funds for the purchase because the conveyance would not comply with Ordinance No. 64, i.e., by reference to a recorded plat. Thus, the parties found themselves in a “Catch-22” situation. In short, the buyers, including their lender, were faced with the dilemma of protecting their investment of $70,000, while at the same time attempting to consummate the transaction in accordance with the contract as written, the Town’s ordinance, and the seller’s need for the buyers’ money to comply with the ordinance. The Town rejected an attempted solution which included a conveyance of the property by reference to the unrecorded plat. The seller thereupon returned the buyers’ deposit. After another attempt to resolve the dilemma, and a rejection of the new solution by the seller, the buyers filed this suit for specific performance.
*959 We find this case controlled by our decision in Glave v. Brandlein, 196 So.2d 780 (Fla.4th DCA 1967). In that case, upon facts similar to those here, we said:
As a condition precedent to specific performance the seeking purchaser must either pay the contract sum; tender it; establish that he is ready, able and willing to do so; or establish that he has been excused from so doing.
196 So.2d at 781. It is clear that the buyers never met this condition precedent and therefore were not entitled to a judgment of specific performance.
The record plainly reveals that the funds with which the buyers intended to purchase the property were to be supplied by an institutional lender. It is also clear that this lender would not release any funds until the land was properly platted and recorded pursuant to Sewalls Point Ordinance No. 64. Since the requirements of this ordinance were never met, the buyers were never in a position to either pay, tender or establish that they were ready, willing and able to pay the purchase price.
For the foregoing reasons the finding of the lower court was erroneous and is REVERSED.
ANSTEAD and GLICKSTEIN, JJ., concur.