DELL, Judge,
dissenting.
I respectfully dissent. This appeal arises out of a complaint for damages for breach of an option contract to purchase a condominium owned by appellees. The option contract provided that:
The option to purchase shall be exercised by HART giving LANG notice, in writing, of his intention to purchase the aforedescribed property at anytime during the option period.
The parties executed the contract on May 17, 1983, and on that same day Hart delivered a note to Lang in which he said,
I exercise my option under the terms of todays agreement to purchase unit 203J T-C.
The trial court found that Hart delivered the handwritten note to Lang but concluded that it was insufficient to exercise the option contract. The trial court cited the case of Glave v. Brandlien, 196 So.2d 780 (Fla. 4th DCA 1967). In Glave, appellant sought specific performance of a contract to purchase real estate but failed to prove that they had tendered the purchase price and failed to show that they were ready, willing and able to perform under the contract. In Doolittle v. Fruehauf Corporation, 332 So.2d 107 (Fla. 1st DCA 1976), the court concluded:
It is not necessary to tender purchase money as a condition precedent to exercising an option, if this condition is not expressly stated in the option. Martin v. Albee, 93 Fla. 941, 113 So. 415 (1927); Sisco v. Rotenberg, 104 So.2d 365 (Fla.1958).
*120 The two steps which are necessary to exercise an option are: (1) there must be a decision by the optionee to purchase the property under the terms of the option; (2) the optionee must communicate the decision to the optionor within the life of the option. Norris v. Eikenberry, 137 So. 128 (Fla.1931). Id. at 109.
Here, the trial court found that appellant’s letter dated May 17, 1983 was delivered to appellee. The letter conforms to the terms of the contract giving the option and to the manner of acceptance of the option. In my opinion, the delivery of the May 17, 1983 letter constituted a valid exercise of the option. One may speculate as to why appellant elected to exercise the option on the same date as it was given and also as to why appellant. sent a second letter on March 20, 1984, purportedly exercising the option. However, the trial court concluded that appellees did not receive the March 20, 1984 letter. It was not necessary for them to receive the letter since, in my opinion, the option had already been validly exercised by appellant. Therefore I believe this case should be reversed and remanded for further proceedings.