SHARP,
Chief Judge.
Armand and Judy Savoie appeal from a summary final judgment of foreclosure in favor of Southeast Bank, N.A., terminating their option to purchase realty, which was the subject of the foreclosure action. The facts in this case are not controverted, although they are complex. We reverse and remand with directions.
The Savoie option to purchase the subject realty was recorded prior to Southeast’s mortgage. Therefore, the bank took its lien position subject to the option. The bank does not assert in this appeal that the trial court erred in finding that the waiver of the option and satisfaction given to the bank were forgeries.
The Savoies timely sought to exercise the option on November 9, 1984, by giving notice to Clem, the fee owner. Pursuant to the option agreement, the purchase price was set at $42,000, plus other expenses and charges, if the Savoies exercised the option within the first 34 months after execution of the agreement. If exercised after the first 34 months through 36 months, the purchase price escalated to $70,000.
The record established that the Savoies sought to exercise the option during the 12th month of the 36-month option period. Clem left the state and was later arrested and incarcerated in Nashville, Tennessee.[1] All of the Savoies’ efforts to consummate the sale were fruitless. They were joined in Southeast’s foreclosure suit, and they raised the option both as a defense and as a method of seeking specific performance of the option.
The trial court ruled that because the Savoies were unable to close the sale within the first 34 months, the purchase price was $70,000. We think this was erroneous. The option does not require a successful closing to enjoy the lesser purchase price. Proofs established that the Savoies timely exercised the option within the 34-month period; and they are therefore entitled to the $42,000 purchase price.[2] Further, we think the trial court erred in finding that the Savoies lost their option right, because they failed to tender the full purchase price into the court registry. The court never entered an order requiring them to do so; and the sums due under the option were in dispute.
In addition, the Savoies made payments to a second-mortgagee on the property (Manufacturers Hanover) in the amount of $40,000. These payments were made to discharge a debt owed primarily by Clem, although the payment also protected their interests. In meeting the total purchase price under the option to Clem, the Savoies are therefore entitled to set-off that $40,000 payment. The trial judge did not permit any credit for this payment and we hold he erred in disallowing it.
Finally, the trial court held that the full $158,000 mortgage debt owed to Southeast was valid as against the Savoies. Although as to other parties that sum may be enforceable, since the Savoie option “primes” the bank’s mortgage lien, we hold that the maximum amount enforceable against them is $150,000, the maximum sum Clem and they agreed would be permitted for a second mortgage in the option agreement. At the time the option was *1277 exercised, there was a $62,850 second mortgage owed to Manufacturers Hanover. The Savoies also consented to the then existing first mortgage of $64,000 owed to American First. Southeast obtained a subordination of the Manufacturers Hanover mortgage, and stepped into its position as second mortgagee. It is therefore bound as to the Savoies, to the $150,000 second mortgage debt limitation.
Accordingly, we reverse and remand this cause for further proceedings. The Sa-voies shall be given a reasonable time by the trial court in which to exercise the option to purchase the subject property. The trial court may require[3] them to tender this purchase price within a reasonable time, into the registry of the court, or forfeit their option rights. The purchase price shall be determined by the court using the $42,000 component rather than $70,000; and the Savoies shall be entitled to a credit for the $40,000 paid by them to Manufacturers Hanover on Clem’s behalf.[4]
REVERSED and REMANDED with directions.
ORFINGER and COBB, JJ., concur.

. She is presently believed to be incarcerated in the federal prison in Kentucky.

. Martin v. Albee, 93 Fla. 941, 113 So. 415 (1927); Doolittle v. Fruehauf Corp., 332 So.2d 107 (Fla. 1st DCA 1976).

. Florida Rule of Civil Procedure 1.600 provides that in an action where part of the relief sought is a judgment for a sum of money or the disposition of a sum of money, said money may be deposited with the court by court order. See Willis v. Hillsborough Homes, Inc., 384 So.2d 718 (Fla. 2d DCA 1980).

. Based on our calculations, the option price due from the Savoies is $77,675.17: $67,487.11 (American First mortgage payment) + $42,000 (option price) + $8,188.06 (taxes and insurance) less credit for $40,000.