DELL, Judge.
Appellant Federal Deposit Insurance Corporation (FDIC), as liquidator of Cari-bank, repudiated appellee’s employment contract with Caribank pursuant to 12 U.S.C. § 1821(e)(3). FDIC appeals from a summary final judgment awarding appellee termination benefits and prejudgment interest pursuant to a termination provision in the contract. We reverse.
On February 22, 1988, appellee began working for Caribank as its president and *1301 chief executive officer. Appellee knew Caribank was experiencing financial difficulty when he accepted employment. He sought an employment contract that provided him with significant termination benefits. Although appellee had assumed his position, a final employment agreement was not executed until June 13, 1988. Paragraph five of the contract provided:
In the event that Coleman terminates his employment pursuant to this Employment Agreement because of the occurrence of any of the following events without Coleman’s express written consent, then Caribank shall be deemed to have terminated Coleman without “cause”:
(i) Coleman is assigned duties or responsibilities inconsistent with his position duties and responsibilities or status at the commencement of the Term of this Agreement ... or
(ii) Coleman’s reporting responsibilities as in effect at the beginning of his employment pursuant to this Employment Agreement are changed; or
(iii) Coleman is required to report to any person other than Dr. J.J. Gonzalez-Gor-rondona, Jr.; or
(iv) Coleman’s titles or offices as in effect at the beginning of his employment agreement pursuant to this Employment Agreement are changed, or Coleman is removed from or not reelected to any of such positions ... or
(v) Coleman discovers any previously undisclosed information concerning Cari-bank or the Holding Company that materially and adversely affects his evaluations of the prospects of either Caribank or the Holding Company, which evaluation was made prior to the beginning of Coleman’s employment agreement by Caribank; ...
Upon the occurrence of any of the above events, appellee was entitled to receive significant termination benefits which included, among other things, severance compensation equivalent to three times his annual base salary.
On April 25, 1988, before appellee executed his employment agreement, Caribank entered into a consent agreement with appellant wherein it was required to take affirmative action to stabilize its financial condition. On December 9, 1988, the State of Florida Comptroller closed Caribank and appointed appellant as its liquidator. On the same date, the Broward County Circuit Court, pursuant to sections 658.79 and 658.-81, Florida Statutes (1987), issued an order confirming the comptroller’s determination of Caribank’s insolvency and appointment of appellant as liquidator. Caribank paid Coleman his salary until appellant closed the bank on December 9. On February 15, 1989, appellee filed a claim with appellant for payment of the termination benefits under his employment contract. On May 19, 1989, appellant denied appellee’s claim for payment and repudiated his employment contract.
Appellee filed suit against appellant for breach of the employment contract. The trial court granted summary judgment in favor of appellee, finding the employment contract clear and unambiguous, and awarded appellee damages and prejudgment interest totalling $619,146.55.[1]
Appellant contends the trial court erroneously granted summary judgment in favor of appellee because 12 U.S.C. § 1821(e)(3)(A) limits appellant’s liability for damages in two ways. First, it limits appellant’s liability to those damages that accrued before the date of insolvency. Second, it limits appellant’s liability to “actual direct compensatory damages”.
The parties agree 12 U.S.C. § 1821(e)(1) permits appellant, in its capacity as liquidator, to repudiate Caribank’s contracts.[2] However, the parties disagree on the inter *1302 pretation of 12 U.S.C. § 1821(e)(3)(A) which provides in pertinent part:
(A) In general
[T]he liability of the conservator or receiver for the disaffirmance or repudiation of any contract pursuant to paragraph (1) shall be
(i) limited to actual direct compensatory damages and
(ii) determined as of—
(I) the date of the appointment of the conservator or receiver; or
(II) in the case of any contract or agreement referred to in paragraph (8), the date of the disaffirmance or repudiation of such contract or agreement.
Appellee correctly cites Interfirst Bank of Abilene, N.A. v. Federal Deposit Insurance Corporation, 777 F.2d 1092, 1094 (5th Cir.1985), in support of its argument that appellant is liable for “actual direct compensatory damages” incurred when it repudiates a contract if the damages claimed were (1) in existence at the time of insolvency, (2) not dependant upon any new contractual obligation that arose after the appointment of the FDIC as liquidator and (3) determinable as of the date of insolvency. However, the record does not support appellee’s argument that he proved all of the elements necessary to recover damages against appellant.
Appellee’s right to receive his termination benefits depended upon the occurrence of a condition precedent — that Cari-bank terminate his employment “without cause” as defined in Paragraph five of the employment contract. A condition precedent has been defined as “one which calls for performance of some act or happening of some event after a contract is entered into, and upon the performance or happening of which its obligation to perform is made to depend.” Cohen v. Rothman, 127 So.2d 143, 147 (Fla. 3d DCA 1961), cert. discharged, 138 So.2d 328 (Fla.1962.)[3]
Although appellee had a claim to termination benefits, conditioned upon Cari-bank’s termination of his employment “without cause”, the record fails to show the occurrence of any of the conditions enumerated in the employment contract that would have triggered Caribank’s liability to pay termination benefits. Prior to the date of its insolvency, Caribank neither changed appellee’s assigned duties or reporting responsibilities; required him to report to any other person than Dr. J.J. Gonzalez-Gorrondona, Jr.; nor changed his titles, offices, etc.; appellee also did not assert he discovered any previously undisclosed information concerning Caribank. Based on the foregoing, appellee had no claim for termination benefits before Cari-bank’s insolvency and appellant’s repudiation of the contract.
Appellee does not claim any damages other than his termination benefits pursuant to his employment contract. Since we have , held none of the eyents giving rise to his termination benefits occurred prior to the date of insolvency, he has no claim pursuant to the provisions of § 1821(e)(3)(A) for actual direct compensatory damages caused by appellant’s repudiation of his contract.
*1303 Accordingly, we reverse the summary final judgment in favor of appellee and remand this cause with instructions to the trial court to enter summary final judgment in favor of appellant.
REVERSED and REMANDED.
GUNTHER, J., and ALDERMAN, JAMES E., Senior Justice, concur.

. The trial court erred in its determination of the damages awarded to appellee; however, for reasons which we will discuss herein that issue is moot.

. 12 U.S.C. § 1821(e)(1) provides in pertinent *1302 part:
[T]he conservator or receiver for any insured depository institution may disaffirm or repudiate any contract or lease—
(A) to which such institution is a party;
(B) the performance of which the conservator or receiver, in the conservator’s or receiver’s discretion, determines to be burdensome; and
(C) the disaffirmance or repudiation of which the conservator or receiver determines, in the conservator's or receiver's discretion, will promote the orderly administration of the institution’s affairs.

. In Rice v. Resolution Trust Corp., 785 F.Supp. 1385 (D.Ariz.1992), cited by appellant, a federal district court disallowed a former bank executive’s claim for severance benefits after the FDIC terminated the officer’s employment contract pursuant to 12 C.F.R. § 563.39(b). The court found the bank officer’s termination benefits had not vested and concluded as we have "because plaintiff’s Agreement expired by operation of law prior to the occurrence of the condition precedent of termination of plaintiff’s employment without cause Id. at 1391.