718 So.2d 889 (1998)
Fernando GONZALEZ, Appellant,
v.
I.J. ARCHER, Appellee.
No. 98-85.
District Court of Appeal of Florida, Third District.
September 9, 1998.
Rehearing Denied October 14, 1998.
Sheldon R. Rosenthal, Miami, for appellant.
Daniel P. Tunick, Miami, for appellee.
Before NESBITT, GODERICH and SHEVIN, JJ.
SHEVIN, Judge.
Fernando Gonzalez appeals a final judgment in favor of defendant, I.J. Archer, in a specific performance action. We reverse, holding that the trial court's judgment is not supported by competent substantial evidence.
Contrary to the trial court's findings, the record shows that prior to lessee Gonzalez's December 15, 1993, exercise of the option to purchase the subject residence in Golden Beach, Florida, lessor Archer accepted all untimely rental payments without protest,[1] and Archer never notified Gonzalez *890 that he was in default of the 1993 lease due to the late payments. Such actions would cause a reasonable lessee to believe that the lessor did not intend to enforce the default provision on that basis. As in Protean Inv., Inc. v. Travel, Etc., Inc., 499 So.2d 49 (Fla. 3d DCA 1986), under these circumstances, Archer is estopped from claiming that Gonzalez was in default of the lease due to late rental payments, and Archer, therefore, impliedly waived that lease provision. "A party may waive any rights to which ... she is legally entitled, by actions or conduct warranting an inference that a known right has been relinquished." Torres v. K-Site 500 Assoc., 632 So.2d 110, 112 (Fla. 3d DCA 1994). Because the record does not show that Gonzalez was in default, he did not forfeit the opportunity to exercise the option based on the late rental payments.
Furthermore, Gonzalez's failure to remit the entire escrow deposit does not preclude judgment in his favor. The purchase contract did not provide a time for such performance. Accordingly, Gonzalez was only required to remit the deposit within a reasonable time. See De Cespedes v. Bolanos, 711 So.2d 216, 218 (Fla. 3d DCA 1998); Doolittle v. Fruehauf Corp., 332 So.2d 107, 109-10 (Fla. 1st DCA 1976). However, shortly after Gonzalez's attempt to exercise the option, Archer informed Gonzalez that the option had been rendered null and void prior to his acceptance. At that point, Archer would not have accepted the deposit; Gonzalez's tender was rendered unnecessary. See Sisco v. Rotenberg, 104 So.2d 365 (Fla. 1958). Therefore, we decline to affirm the judgment on that basis. Based on the foregoing, we reverse the final judgment and hold that Gonzalez is entitled to specific performance of the parties' agreement.
Reversed and remanded.
NOTES
[1] Before Gonzalez exercised the option, the only check which bears a stamp stating that it was accepted under protest was Gonzalez's December 1, 1993 payment check. That payment, however, was remitted timely. Apparently, Archer was asserting the default as stated in the November 30, 1993 letter to Gonzalez informing him that he was in default of the lease and requesting that he comply with a letter from the Town of Golden Beach concerning the failure to obtain a permit before installing a new garage door. The court did not address the installation of the garage door, and Archer does not assert that action in support of the court's judgment.