876 So.2d 2 (2004)
Ted J. LEVERETTE, Appellant,
v.
Luanne COCHRAN, Appellee.
No. 4D03-246.
District Court of Appeal of Florida, First District.
April 21, 2004.
Rehearing Denied May 26, 2004.
James S. Telepman of Cohen, Norris, Scherer, Weinberger & Wolmer, North Palm Beach, for appellant.
Douglas A. Willis, of Douglas A. Willis, P.A., and Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, for appellee.
*3 POLEN, J.
This is an appeal from a final judgment granting specific performance of a real estate contract. For the reasons discussed below, we reverse that judgment.
Luanne Cochran is a real estate broker. In 1999 she sold homes in a community known as Prosperity Harbor. Ted Leverette met Cochran when he purchased a home in the Prosperity Harbor community. At the time, Leverette was renting a home and his lease was about to run out. Leverette's new home was expected to take up to eighteen months to complete and he was in need a place to live until his new home was ready.
Cochran introduced Leverette to Barbara Heilman, another real estate agent. Heilman, Leverette, and Cochran reached an agreement that Leverette would purchase a home in Juno Beach from Heilman for $403,000. Leverette would then sell the Juno property to Cochran, for the same price, $403,000, within ten days of closing on his Prosperity Harbor property. However, in the summer of 2001, prior to closing on his Prosperity Harbor home, Leverette listed the Juno Beach property for sale with a broker for $575,000. When Cochran learned of Leverette's attempt to sell the property, and not abide by their earlier agreement, Cochran initiated a lawsuit alleging breach of contract and seeking specific performance.
Ultimately, the issue of whether a contract existed was sent to a jury. The jury concluded that a valid and binding contract was entered into between the parties for Leverette to sell the Juno Beach property to Cochran. Based on the factual conclusions reached by the jury, the judge entered a final judgment for specific performance.
On appeal, Leverette contends the trial court erred in granting specific performance of the contract where Cochran never pled or affirmatively established that she was ready, willing, and able to perform under the contract. We agree.
This court has reiterated that it is the plaintiffs' burden of proof to show they are ready, willing, and able to perform the contract in order to establish a prima facie case for specific performance. Hollywood Mall, Inc. v. Capozzi, 545 So.2d 918 (Fla. 4th DCA 1989)(citing Glave v. Brandlein, 196 So.2d 780 (Fla. 4th DCA 1967)). In Capozzi this court concluded that "the trial court erred in granting specific performance where there was no evidence that the purchaser was ready, willing and able to perform the contract." Id.
Glave summarily held that in order for a purchaser to obtain specific performance of a real estate sales contract, they must allege and prove that the vendee has either paid the balance, tendered the balance, and was ready, willing, and able to pay such balance or has been excused from such performance. Cochran contends that by virtue of Leverette's conduct, she was excused from performance. Cochran points to Sisco v. Rotenberg, 104 So.2d 365 (Fla.1958).
In Sisco, the seller acknowledged his refusal to sell the property under an option to buy provision, yet asserted that he was not obligated to do so since the buyer never tendered payment as the provision required. The court ultimately concluded that cash tender would have been futile and as a result was unnecessary.
Sisco is readily distinguishable from the case at bar. Not only did Sisco involve the validity and enforcement of an option contract, the issue in Sisco was whether a purchaser is required to tender payment under the contract, when such a tender would be futile, in order to seek specific performance. The case at bar has nothing to do with tendering payment. Moreover, *4 the Sisco opinion clarifies that in that case the buyer notified the seller of her desire to exercise the purchase option and of her ability to perform her end of the contract. After the notification from the buyer, the seller continued to refuse to sell the property. The record in the case at bar does not indicate that Cochran ever notified Leverette she was ready, willing, and able to perform her end of the contract. The other cases relied upon by Cochran are equally distinguishable. See, e.g., Wilson v. Odom, 215 So.2d 37 (Fla. 1st DCA 1968) (court rejected defense of purchaser's inability to pay where there was a non-binding modification to the contract at the last minute); Gonzalez v. Archer, 718 So.2d 889 (Fla. 3d DCA 1998) (Shortly after purchaser sought to exercise option to buy, seller notified him that the offer was null and void. Therefore tender of escrow funds would not have been accepted, was unnecessary, and failure to tender funds was not a valid defense in the specific performance action.).
Cochran also points to Heilman's testimony and contends that there was evidence in the record that she could have afforded the house. Heilman, a close personal friend of Cochran's, was the real estate agent who originally listed the house. At trial, when discussing when she first listed the house, Heilman testified she was having lunch with Cochran that day and told her about the property because she thought Cochran would like it. At trial, when asked if Cochran did not buy the property herself because she could not afford to, Heilman responded, "I don't know. I think  I don't know. I think she could have bought it if she wanted to."
This testimony does not indicate Cochran was ready, willing, and able to perform on the contract. In fact, in context, it is clear that this testimony specifically spoke to Cochran's ability to buy the house when she first found out about the property, not when the scheduled performance on the contract was due. Moreover, there is no testimony, nor any legal authority, offered by Cochran to explain why her ability to perform was not alleged in the complaint as Glave requires.
Because there was no pleading nor evidence that Cochran was ready, willing, and able to perform the contract we reverse the trial court's order granting specific performance. We are unpersuaded by the other issues raised in this appeal.
REVERSED AND REMANDED.
WARNER and KLEIN, JJ., concur.