344 So.2d 871 (1977)
MONDE INVESTMENTS NO. 2, INC., Appellant,
v.
R.D. TAYLOR-MADE ENTERPRISES, INC., et al., Appellees (Two Cases).
Nos. 75-1997, 75-1998.
District Court of Appeal of Florida, Fourth District.
March 18, 1977.
Harry G. Carratt of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, for appellant.
*872 Leonard L. Stafford, Fort Lauderdale, for appellee Hardrives Co., Inc.
DAUKSCH, Judge.
These two cases were presented to us jointly but we shall determine them separately in this opinion as we did in our considerations. They both involve the same Appellant who was the Defendant below and the owner of a building for which the Appellees provided goods and services. The Appellee-Taylor did not file a brief and therefore was not able to participate in the oral argument making our consideration of this matter much more difficult than it should have been.
We shall first consider the appeal as it concerns the Appellee-Taylor. It appears from the complaint and other documents in the record that Taylor wanted to foreclose a mechanic's lien against the property owned by the Appellant for certain work done to improve the real property. The particular work in question here is the finishing of some portions of the exterior of the building. Initially Taylor agreed to build the office building for $242,000 including the finishing of the exterior, 12,000 square feet, for $1.00 per square foot. At trial the court permitted Taylor to attempt to prove an "extra" as defined in Section 713.01(5), Florida Statutes (1975). In order for Taylor to prove this extra he had to do it by offering parol evidence to change the terms of a written contract. This was error. The Order of the trial court awarding Judgment to R.D. Taylor-Made Enterprises, Inc. against the Appellant is reversed. The Appellee-Taylor not having been the prevailing party is therefore not entitled to attorneys' fees below and the award of those attorneys' fees is reversed.
Also, we must reverse the Judgment of the trial court against the Appellant in favor of the Appellee-Hardrives. This Appellee provided the paving around the building and was one of the last, if not the last, providers of services and material. He came in just as the money ran out. Hardrives was not in privity with the owner and is entitled to a lien under Section 713.06, Florida Statutes (1975). The Appellant properly complied with all the requirements under Chapter 713, Florida Statutes and held back 10% of the original contract price as required under Section 713.06(3)(d)(5), Florida Statutes (1975) in order to pay Hardrives and all those similarly situated. The unfortunate part is that the 10% held back is not enough to cover the amount due Hardrives under contract and no improper payments by the owner were shown to have been made as contemplated in Section 713.06(3)(h), Florida Statutes (1975). Therefore, Hardrives must accept its proportionate share of the 10% retained amount which was in the amount of $3,944.60. We are compelled to note the Appellee-Hardrives would have us change the law as we may feel we should but we have determined we cannot.
We further note that before the complaint was filed against Monde by Hardrives, Monde offered to pay to Hardrives the amount to which Hardrives was entitled, $3,944.60.[1] Since Hardrives did not accept the amount it should have accepted it was not the prevailing party in this lawsuit as defined in Section 713.29, Florida Statutes (1975). Therefore, we most reluctantly must reverse the additional Judgment against Monde in favor of Hardrives which awarded attorney's fees to the attorney for Hardrives.
The Judgments in favor of Hardrives Co., Inc. and R.D. Taylor-Made Enterprises, Inc. against Monde Investments No. 2, Inc., are REVERSED.
LETTS, J., and SCHWARTZ, ALAN R., Associate Judge, concur.
NOTES
[1] Evidence of this type of "offer of settlement" is peculiarly permitted in mechanics' lien cases.