395 So.2d 632 (1981)
S.C.M. ASSOCIATES, INC., a Florida Corporation, Appellant,
v.
Robert RHODES, Appellee.
No. 80-676.
District Court of Appeal of Florida, Second District.
March 25, 1981.
Leslie M. Conklin, Graham, Hodge & Larson, P.A., Belleair Bluffs, for appellant.
Dennis M. Janssen of Riden, Crawford & Janssen, P.A., St. Petersburg, for appellee.
GRIMES, Judge.
The main issue in this appeal involves the question of who was the prevailing party in *633 a mechanic's lien action for purposes of awarding attorney's fees under section 713.29, Florida Statutes (1979).
S.C.M. Associates, Inc., contracted to build a $59,750 home for Robert Rhodes to be completed by October 20, 1978. The house was not finished on that date, and as a result, the parties postponed the final closing. However, early in November Rhodes determined that he needed to move into the house because he had already committed himself to vacating his present home. The parties met on November 3 and agreed to a closing date of November 6 which they later postponed to November 8. On November 3 there remained a number of items pertaining to the construction which the contractor needed to finish or correct, but there was a disagreement over whether those items were to be accomplished before closing. S.C.M. viewed them primarily as warranty items which it would take care of after closing. Rhodes testified that he understood that S.C.M. was to complete the items by closing.
S.C.M. had only accomplished a few of the corrections by the date of closing; so Rhodes announced that he would pay only one half of the final draw at that time and withhold the balance until the required work was completed. Based upon its position that Rhodes had agreed to pay the entire balance at closing in order to obtain occupancy, S.C.M. refused to accept the proffered $8,119.50, and the closing was aborted. However, Rhodes did obtain occupancy of the house because the certificate of occupancy had been issued earlier that day.
After subsequent negotiations broke down, S.C.M. filed a mechanic's lien against the property for $16,239 and brought an action for foreclosure. Rhodes placed the money representing the final draw in a personal bank account and used some of the funds to repair and complete the house. He also filed a counterclaim for breach of express and implied warranties under the construction contract. Following a nonjury trial, the court entered final judgment, the pertinent portions of which are set forth below:
1. The Court finds in favor of the Defendant on the Complaint for foreclosure of mechanic's lien and against the Plaintiff, and the Court further finds in favor of the Defendant/Counter-Plaintiff on his Counterclaim.
2. The Court finds that the claim of lien filed by the Plaintiff is in the amount of Sixteen Thousand Two Hundred Thirty-Nine ($16,239.00) Dollars, and the Court further finds that said sum represents the amount remaining due upon the contract for the construction of the residence by the Plaintiff for the Defendant, ROBERT RHODES.
3. The Court further finds that Defendant/Counter-Plaintiff has proven damages in the amount of Twelve Thousand Nine Hundred Fifty-Eight and 60/100 ($12,958.60) Dollars, and that this amount is to be subtracted from the total amount remaining due on the contract ($16,239.00), and that the Defendant/Counter-Plaintiff has been unjustly enriched in the amount of Three Thousand Two Hundred Eighty and 40/100 ($3,280.40) Dollars, and said sum is awarded to the Plaintiff under the equity jurisdiction of this Court, for which sum let judgment be entered for the Plaintiff in the amount of Three Thousand Two Hundred Eighty and 40/100 ($3,280.40) Dollars.
4. The Court further finds that Defendant/Counter-Plaintiff is the prevailing party under the Complaint for foreclosure of mechanic's lien filed by the Plaintiff and that the Defendant is entitled to, and is hereby awarded, reasonable attorney's fees and costs of this action, and this Court retains jurisdiction to determine reasonable attorney's fees and costs to be awarded to the Defendant/Counter-Plaintiff as the prevailing party under the Complaint for foreclosure of mechanic's lien.
On this appeal, S.C.M. claims that the court erred in awarding attorney's fees to Rhodes.
Section 713.29, Florida Statutes (1979), reads as follows:

*634 713.29 Attorney's fees.  In any action brought to enforce a lien under part I, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, as allowed in equitable actions.
Relying upon the fact that it recovered $3,280.40, S.C.M. claims that it was the prevailing party. Dynamic Builders, Inc. v. Tull, 365 So.2d 1032 (Fla.3d DCA 1978). In response, Rhodes initially argues that by virtue of the wording of the final judgment, S.C.M. did not recover on its mechanic's lien; therefore, it cannot come within the provisions of the statute. This is nothing more than semantics. Despite the wording of paragraph 3, it is evident that S.C.M.'s recovery consisted of what remained owing on the contract after deducting Rhodes' damages. Therefore, to the extent that S.C.M. obtained a money judgment, it was predicated upon a claim for making improvements to the property which was a proper basis for a mechanic's lien.
Nevertheless, we believe the court properly concluded that Rhodes was the prevailing party. Viewed in the light most favorable to Rhodes, the evidence showed that there was substantial work remaining to be done on the house at the time of closing. This is demonstrated by the fact that the court ultimately held that Rhodes had proven damages of $12,958.60, and S.C.M. has not attacked that conclusion here. Rhodes made an offer to pay S.C.M. $8,119.50 at closing with no strings attached. S.C.M. declined to accept this payment. Yet, as a result of the suit, S.C.M. recovered only $3,280.40. Under these circumstances, S.C.M. could hardly be considered the prevailing party.[1]Cf. Monde Investments No. 2, Inc. v. R.D. Taylor-Made Enterprises, Inc., 344 So.2d 871 (Fla. 4th DCA 1977), in which the court held that when a lienor declined to accept an earlier offer in the same amount as ultimately recovered, it was not entitled to attorney's fees as the prevailing party.[2]
There is one ancillary issue which requires consideration. In awarding S.C.M. the sum of $3,280.40, the court did not provide for prejudgment interest. S.C.M.'s claim was under a contract and was only unliquidated to the extent that it was subject to being reduced by the amount of Rhodes' damages. Therefore, ordinarily, S.C.M. would have been entitled to recover interest on the $3,280.40 from November 8, 1978, the date it was due. Peter Marich & Associates, Inc. v. Powell, 365 So.2d 754 (Fla.App.2d DCA 1978). See Manning v. Clark, 89 So.2d 339 (Fla. 1956). Here, however, S.C.M. cannot obtain prejudgment interest because Rhodes' November 8 tender exceeded the amount that was ultimately determined to be due. See Morton v. Ansin, 129 So.2d 177 (Fla.3d DCA 1961).
AFFIRMED.
BOARDMAN, Acting C.J., and CAMPBELL, J., concur.
NOTES
[1] We express no opinion on whether we would have reached the same result if Rhodes had conditioned his offer of $8,119.50 upon S.C.M.'s release of further claims against him.
[2] While we need not rest our decision on this point, a good argument can be made that when the legislature amended section 713.29 in 1977 (Ch. 77-353, § 11, Laws of Fla.) to refer to the taxing of attorney's fees "as allowed in equitable actions," it intended for the courts to have more discretion in deciding who is the prevailing party. In this case, even if Rhodes had not made his unconditional offer at closing, he might reasonably contend that he was the "equitably" prevailing party because he prevailed with respect to more than three-fourths of the money in issue.