419 So.2d 1142 (1982)
ACADIA DEVELOPMENT CORPORATION, Miami Gardens Development Corporation and Fidelity and Deposit Co. of Maryland, Appellants,
v.
RINKER MATERIALS CORPORATION, a Florida corporation, Appellee.
Nos. 81-1715, 81-1716.
District Court of Appeal of Florida, Third District.
September 28, 1982.
Rehearing Denied October 20, 1982.
*1143 Richard H.W. Maloy & Associates and Richard H.W. Maloy, and Malcolm H. Friedman, Coral Gables, for appellants.
Leiby & Elder and Larry R. Leiby, North Miami Beach, for appellee.
Before BARKDULL, SCHWARTZ and JORGENSON, JJ.
SCHWARTZ, Judge.
The defendants in this mechanic's lien case, which are respectively the owner, general contractor and surety, appeal from a final judgment awarding $7,685.51, plus pre-judgment interest of $1,844.52,[1] attorney's fees and costs, in favor of the materialman-appellee, Rinker, upon a bond posted under Sec. 713.24(1)(b), Fla. Stat. (1977). We affirm.
Of the multiple issues raised on the merits of the plaintiff's entitlement to a lien, the only one which requires discussion is the contention that the claim of lien was untimely recorded. The record establishes that Rinker and the general contractor, Miami Gardens, entered into an oral agreement under which Rinker supplied materials to the job site on open account; the last delivery under that credit arrangement occurred on May 7, 1977. Afterwards, the plaintiff sold to Miami Gardens on a C.O.D. basis only; accordingly, the final delivery of any kind to the development in question was made, in return for cash, on June 17, 1977. Because the claim of lien was filed and recorded on August 31, 1977, more than 90 days after the last furnishing of materials on open account, the defendants contend that the action is barred by Sec. 713.08(5), Fla. Stat. (1977):
The claim of lien may be recorded at any time during the progress of the work or thereafter but not later than 90 days after the final furnishing of the labor or services or materials by the lienor... .
For the very basic reason that this argument is contrary to the unambiguous words of the statute, we cannot agree. Sec. 713.08(5) specifically does not provide that the 90 days runs from the last unpaid work or delivery; instead, it states that the critical time is the unqualified "final furnishing of the ... materials by the lienor," which in this case took place less than 90 days before the claim of lien. Not only are we not empowered to "interpret" a statute by the judicial insertion of words which the legislature did not put there, Atlantic Coast Line R. Co. v. Boyd, 102 So.2d 709 (Fla. 1958), acceptance of the defendants' contention would permit those in their position largely to control the validity of mechanic's liens by the device of paying only for the most *1144 recently supplied materials or labor. We will not adopt such a principle.
It is pointed out, however, in opposition to this view, that the very lien which is the subject of the plaintiff's claim (and of the action itself) is the one provided by the core section of the mechanic's lien law, Sec. 713.06(1), "for any money that is owed to him for labor, services, or materials furnished in accordance with his contract and with the direct contract." [e.s.] Carrying the argument a step further, it is then said that there were in effect two "contracts" involved here, the open account and the C.O.D. arrangement; that since by definition the C.O.D. "contract" has been paid for and satisfied, the only lien asserted, and thus the pertinent "final furnishing" under Sec. 713.08(5), concerns the unpaid amounts for the supplies delivered on open account. While this reasoning has some surface rationality, it founders again on the reef of the statute itself. Sec. 713.01(1) simply states that
* * * As used in this part:
(1) `Contract' means an agreement for improving real property, written or unwritten, express or implied, and includes extras or change orders as herein defined.
Under this definition it is plain that all the deliveries were part of the same "agreement for improving real property" under which Rinker furnished supplies for and to the appellants' job. The fact that there was a change from deliveries being made on open account to C.O.D. did not effect a new or different agreement or "contract" as statutorily defined by 713.01(1), and incorporated into 713.06(1). It was merely a modification of the manner or method of payment for those materials which, as we have already seen, makes no difference in the application of 713.08(5).
The appellants also make a separate challenge to the attorney's fees provided by the judgment on the ground that, since the record indicates that Rinker rejected an oral offer to settle the litigation for $15,000, compare Fla.R.Civ.P. 1.442,[2] its recovery of substantially less than that disentitles it to such an award. We reject this claim on the basis of our adherence to the view that a claimant who succeeds in establishing a mechanic's lien and receives a judgment in his favor in any amount whatever is necessarily the "prevailing party" under Sec. 713.29. Sharpe v. Ceco Corp., 242 So.2d 464 (Fla. 3d DCA 1970), cert. denied, 247 So.2d 324 (Fla. 1971). Accord, American Insulation of Fort Walton Beach, Inc. v. Pruitt, 378 So.2d 839 (Fla. 1st DCA 1979), and cases cited; see also Kendall East Estates, Inc. v. Banks, 386 So.2d 1245 (Fla. 3d DCA 1980). We do not believe that this conclusion conflicts with Monde Investments No. 2, Inc. v. R.D. Taylor-Made Enterprises, Inc., 344 So.2d 871 (Fla. 4th DCA 1977) or S.C.M. Associates, Inc. v. Rhodes, 395 So.2d 632 (Fla. 2d DCA 1981), cited by the appellants, which involved prelitigation tenders to the lienors in question. If any inconsistency indeed exists, we simply decline to follow those decisions.
The other points raised both on appeal and cross-appeal similarly present no error.
Affirmed.
NOTES
[1] While the final judgment clearly (and correctly, Jockey Club, Inc. v. Bleemer, Levine & Associates Architects and Designers, Inc. 413 So.2d 433 (Fla. 3d DCA 1982); Peter Marich & Associates, Inc. v. Powell, 365 So.2d 754 (Fla. 2d DCA 1978)) awards interest from the date of the recording of the claim of lien, the parties have unaccountably proceeded, by arguing the issue as a point on the plaintiff's cross-appeal, as if the claim had not been allowed below.
[2] We note that the $15,000 was not formally tendered and that the sincerity, not to mention the enforceability, see Davies v. Canco Enterprises, 350 So.2d 23 (Fla. 3d DCA 1977), of this offer is otherwise in serious question in the light of the defendants' continued contesting of Rinker's right to any lien at all, both below and on appeal, even after its counsel admitted to the trial judge that it could prove no more than $7,685.31 of a $25,000-plus claim of lien.