DANIEL S. PEARSON, Judge.
C.U. Associates, Inc. appeals that portion of the final judgment which found the ap-pellee, R.B. Grove, Inc., entitled to attorneys’ fees and costs as the prevailing party in this mechanics’ lien litigation.[1] It con *1110 tends that because the amount recovered by Grove in litigation was no greater than the amount offered to Grove before litigation, Grove cannot be considered the prevailing party.[2]
While appellant’s position finds some support elsewhere in this state, see Monde Investments No. 2, Inc. v. R.D. Taylor-Made Enterprises, Inc., 344 So.2d 871 (Fla. 4th DCA 1977); cf. S.C.M. Associates, Inc. v. Rhodes, 395 So.2d 632 (Fla. 2d DCA 1981), this court has taken the view that “a claimant who succeeds in establishing a mechanic’s lien and receives a judgment in his favor in any amount whatever is necessarily the ‘prevailing party’ under Sec[tion] 713.29" without regard to whether the judgment recovered exceeds, equals or is less than any prelitigation offer. Acadia Development Corp. v. Rinker Materials Corp., 419 So.2d 1142, 1144 (Fla. 3d DCA 1982), rev. denied, 431 So.2d 988 (Fla.1983).[3] In essence, then, a party prevails and is entitled to fees and costs when he receives a favorable judgment, and it is irrelevant that he turned down a more favorable prelitigation offer or that his victory in court is pyrrhic. What is relevant, however, to the prevailing party’s entitlement to fees and costs is whether the non-prevailing party has served an offer of judgment pursuant to Florida Rule of Civil Procedure 1.442 more favorable to the prevailing party than the judgment actually obtained.[4] As we said in a factually different but legally indistinguishable context:
“If, as the record below reflects, the defendant’s negligence and the plaintiff’s property damage were not issues of serious dispute, and the defendant’s primary defense was that the plaintiff had not suffered a permanent injury within reasonable medical probability so as to entitle the plaintiff to recover for personal injuries, see § 627.737, Fla.Stat. (1981), then, given the results of this case, the defendant could have preserved his claim for costs had he made an offer of judgment pursuant to Florida Rule of Civil Procedure 1.442 in the undisputed amount of the property damage. That not having been done and the defendant not being a ‘party recovering judgment,’ the defendant’s motion to tax costs was correctly denied.” Upson v. Hazelrig, 444 So.2d 1127, 1128 (Fla. 3d DCA 1984).
Thus, if the appellant herein wanted to prevent or mitigate the assessment of fees and costs against it or itself wanted to recover such fees and costs, it could have renewed its prelitigation offer in the form of a Rule 1.442 offer of judgment after litigation began.[5] That not having occurred, the final judgment must be affirmed in all respects.
Affirmed.

. Section 713.29, Florida Statutes (1981), provides:
“In any action brought to enforce a lien under part I, the prevailing party shall be entitled to *1110 recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, as allowed in equitable actions.”

. We assume, without deciding, that when Grove rejected C.U.’s good faith offer and demanded a greater amount, formal tender by C.U. was excused. See Sisco v. Rotenberg, 104 So.2d 365 (Fla.1958); Martin v. Albee, 93 Fla. 941, 113 So. 415 (1927).

. In Acadia, this court found that no bona fide prelitigation offer was made, 419 So.2d at 1144 n. 2, and thus distinguished Monde Investments and S.C.M. Associates. We recognized, however, that we would decline to follow those decisions were they not factually distinguishable.

. As one court has noted, the existence of an offer of judgment is irrelevant to determining the prevailing party. See Peter Marich & Associates, Inc. v. Powell, 365 So.2d 754, 756 n. 1 (Fla. 2d DCA 1978). That is so because a successful offer of judgment under Rule 1.442 serves to cut off liability for only those fees and costs incurred after the making of the offer. Liability for fees and costs incurred before the offer is unaffected, and the prevailing party is entitled to such fees and costs notwithstanding the later successful offer of judgment.

. Because no offer of judgment was made, the form of the offer of judgment is not in issue here. See Encompass Inc. v. Alford, 444 So.2d 1085 (Fla. 1st DCA 1984).