472 So.2d 1177 (1985)
C.U. ASSOCIATES, INC., a Florida Corporation, and Aetna Casualty and Surety Company, a Connecticut Corporation, Petitioners,
v.
R.B. GROVE, INC., a Florida Corporation, Respondent.
No. 66045.
Supreme Court of Florida.
July 11, 1985.
*1178 Steven W. Davis of Broad & Cassel, Bay Harbor Islands, for petitioners.
Fred A. Harrison, Jr., Miami, for respondent.
EHRLICH, Justice.
This case is before the Court because the decision of the Third District Court of Appeal, C.U. Associates v. R.B. Grove, Inc., 455 So.2d 1109 (Fla. 3d DCA 1984), conflicts with decisions of the Fourth District, Monde Investments No. 2, Inc. v. R.D. Taylor-Made Enterprises, 344 So.2d 871 (Fla. 4th DCA 1977), and the Second District, S.C.M. Associates v. Rhodes, 395 So.2d 632 (Fla. 2d DCA 1981). We approve the decisions of the Second and Fourth Districts and quash the decision of the Third District.
Grove brought an action to foreclose a mechanics' lien against C.U. Associates and the provider of a transfer bond pursuant to section 713.24, Florida Statutes (1981). Prior to trial, C.U. offered to pay Grove the unpaid balance on the contract which was the subject of the dispute. Grove rejected the offer, claiming interest was also due on the amount. C.U. denied liability for the interest because no provision for the interest had been made in the contract.
At trial, Grove was awarded the amount unpaid on the original contract but was not awarded interest. In effect, Grove won what C.U. had initially offered to pay. The trial court did award Grove attorneys' fees as the prevailing party.
The Third District Court of Appeal affirmed the award of attorneys' fees, holding that an offer of settlement is irrelevant to the determination of "prevailing party" for purposes of the award of attorneys' fees pursuant to section 713.29. The district court also awarded further attorneys' fees for the appeal to that court.
The Third District relied on its earlier decision, Acadia Development Corp. v. Rinker Materials Corp., 419 So.2d 1142 (Fla. 3d DCA 1982), review denied, 431 So.2d 988 (Fla. 1983), and ruled, "[A] party prevails and is entitled to fees and costs when he receives a favorable judgment, and it is irrelevant that he turned down a more favorable prelitigation offer or that his victory in court is pyrrhic." 455 So.2d at 1110. The Third District went on to hold that a defendant's sole recourse in attempting to cut off liability for plaintiff's attorney's fees in this context is to make a formal offer of judgment pursuant to Florida Rule of Civil Procedure 1.442.
We would first note that the rule and the statute are separate and that rule 1.442 is not dispositive of the award of attorney's fees under section 713.29, Florida Statutes (1981). Rule 1.442 awards costs to a defendant incurred after the making of an offer of judgment whereas section 713.29 provides for attorney's fees through trial and appeal to either party. Furthermore, the Third District's reading of the statute circumvents the very policy which underlies the statute.
The award of attorney's fees and costs to the prevailing party in a mechanic's lien action serves to encourage settlement of disputes before resorting to litigation. Forcing the loser to bear the costs and fees of producing the opponent's victory engenders a more realistic appraisal of the merits of the claim and discourages dilatory or obstructive tactics. If the statute were to apply as the Third District construes it, however, the burden of fair dealing and good-faith negotiation would lie only upon the defendant. To award attorneys fees and costs when any judgment is won, without reference to earlier, bona-fide good faith offers to settle the claim, allows the plaintiff a free throw of the dice in an attempt to squeeze the last penny out of *1179 the claim. In effect, the Third District's construction of the statute leaves the defendant ripe for extortion. Such a result defeats the laudable goal section 713.29 was intended to achieve.
Thus, we find that in order to be a prevailing party entitled to the award of attorney's fees pursuant to section 713.29, a litigant must have recovered an amount exceeding that which was earlier offered in settlement of the claim. Moreover, we note that the law does not require a futile act. Haimovitz v. Robb, 130 Fla. 844, 178 So. 827 (1937). Thus, where a bona-fide, good-faith settlement offer has been unequivocally refused, formal tender of the settlement amount is not required. See Sisco v. Rotenberg, 104 So.2d 365 (Fla. 1958). Nonetheless, the offering party bears the burden of proof in subsequent litigation that the offer was in fact made, and made in good faith. The record now before us does not resolve that issue beyond dispute. We therefore remand to the trial court for factual determination of the validity of the offer made to Grove. If the court should find no legally sufficient offer was made, respondent would be the prevailing party and entitled to fees. If, however, the bona fide offer is proved, respondent shall not be entitled to attorney's fees.[1]
The decision of the Third District Court of Appeal is quashed and those of the Second District, in S.C.M. Associates, and of the Fourth District, in Monde Investments, are approved.
It is so ordered.
BOYD, C.J., and ADKINS, ALDERMAN and SHAW, JJ., concur.
OVERTON, J., concurs in result only.
McDONALD, J., dissents with an opinion.
McDONALD, Justice, dissenting.
I would approve the holding of the district court. I believe that the identity of the prevailing party should be determined by who prevails on the issues raised in the pleadings. Not only did C.U. Associates deny the debt sued upon but it raised a counterclaim. It lost its counterclaim, and, while Grove did not prevail on its claim of the disputed interest,[*] it did prevail on its claim of the principal due. At the time of trial C.U. denied this claim although in fact there was no real issue that at least this sum was due, subject only to the issues raised in the counterclaim. If C.U. wanted to avoid the payment of attorney fees, it should have admitted in the pleadings the amount it owed or should have taken timely advantage of the provisions of rule 1.442.
NOTES
[1] The issue has not been presented to us herein and therefore we do not decide whether under this circumstance petitioners are the prevailing parties and entitled to attorney's fees.
[*] Wrongfully so, I would say.