WIGGINTON, Judge.
Appellant appeals an order awarding attorney’s fees and costs to appellees upon entry of judgment in favor of appellees in a contract action. We affirm and certify a question to the Supreme Court of Florida.
Appellant, a building contractor, and ap-pellees entered into a construction contract in which appellant agreed to build a house for appellees. Appellees later filed suit against appellant alleging breach of contract and negligent construction, claiming damages at the time of trial of $18,000. Appellant filed a counterclaim seeking in excess of $15,000 for additions and extras performed by appellant over and above contract specifications. Appellees were awarded $1,000 based on a jury verdict.
Appellees then sought payment of costs and attorney’s fees pursuant to the contract. The contract provides:
11. ATTORNEY’S FEES AND COSTS: In connection with any litigation arising out of this agreement, the prevailing party shall be entitled to recover all costs incurred, including reasonable attorney fees. (Emphasis supplied.)
In an affidavit on the costs issue, Alan Fixel, the president of the appellant corporation, stated that one week before trial, he had offered to pay appellees $2,500 in full settlement of the claim, but appellees refused. He stated that on the morning of trial, he again offered to settle for $1,500, but appellees also refused that offer.
Appellant opposed the motion for costs and attorney’s fees on the ground that appellees were not the “prevailing party” since they recovered through the judgment less than the settlement amounts offered by appellant prior to trial. The judge rejected appellant’s argument and ordered appellant to pay appellees’ costs in the amount of $796 and an attorney’s fee of $3,000.
In arguing that appellees do not qualify as the “prevailing party” within the meaning of that term in the contract, appellant substantially relies upon case law interpreting section 713.29, Florida Statutes, which provides for attorney fee awards to “prevailing parties” in mechanics’ lien cases. In those cases, the courts declared that in order to be a prevailing party for purposes of an attorney’s fee award under section 713.29, a party must have been awarded an amount greater than was earlier offered in settlement. C.U. Associates, Inc. v. R.B. Grove, Inc., 472 So.2d 1177 (Fla.1985); S.C.M. Associates, Inc. v. Rhodes, 395 So.2d 632 (Fla. 2d DCA 1981); Monde Investments No. 2, Inc. v. R.D. Taylor-Made Enterprises, Inc., 344 So.2d 871 (Fla. 4th DCA 1977). The instant appeal does not involve the Mechanics’ Lien law, which is codified in chapter 713, Florida Statutes.
*699 We decline to extend the definition of “prevailing party” as applied in the context of section 713.29 to that term as it was used in the contract in question here. Instead, we agree with the trial court that since appellees were the parties recovering judgment, they qualify as the “prevailing party” for purposes of recovery of attorney’s fees and costs under the contract. Compare NCN Electric, Inc. v. Leto, 498 So.2d 1377 (Fla. 2d DCA 1986), a mechanics’ lien case that did not involve a previous settlement offer, in which the court declared:
The prevailing party is regarded as that party who has affirmative judgment rendered in his favor at the conclusion of the entire case. Sharpe v. Ceco Corporation, 242 So.2d 464 (Fla. 3d DCA 1970).
We note that the instant case does not involve a Florida Rule of Civil Procedure 1.442 offer of judgment. Under that rule, and upon strict compliance therewith, a party may avoid liability for costs incurred after the making of the offer if, upon refusal of the offer, the judgment finally obtained by the adverse party is not more favorable than the offer. Had appellant chosen to avail himself of the protection from liability for costs afforded by our Florida rule patterned after Federal Rule 68, the result in this case would be different. However, the type of settlement offer involved in this case, if approved, could contribute to numerous problems, one being the lack of certainty and unconditionality which is required of rule 1.442 offers of judgment. An offer of judgment that fails to comply with the specificity required by the rule could cause innumerable disputes between the parties concerning the terms of the offer. Also, absent the time restraints imposed by the rule, the parties possibly would not have a sufficient opportunity to consider the merits of the offer and the avoidance of various inconveniences and expenses would not be achieved, as it is under the rule. Taking all of these factors into consideration, we are unable to conclude that an untimely, unwritten offer of judgment can be regarded as a bona fide settlement offer outside the context of the Grove mechanics’ lien arena. Compare Justice McDonald’s dissent in Grove. At 1179.
Due to the similarity of the situation involved in this case to the above-cited mechanics’ lien cases, we certify the following question to the Supreme Court of Florida:
IS THE DEFINITION IMPOSED UPON THE TERM “PREVAILING PARTY” AS USED IN SECTION 713.29, FLORIDA STATUTES, IN C.U. ASSOCIATES, INC. V. R.B. GROVE, INC., 472 S0.2D 1177 (FLA.1985), TO BE EXTENDED BEYOND THE CONTEXT OF THAT STATUTE.
AFFIRMED.
ERVIN, J., and FRANK, RICHARD H., Associate Judge, concur.