HALL, Acting Chief Judge.
The appellant, R & M Cabinet Sales, Inc., contends the trial court erred in denying it an award of attorneys’ fees in this construction lien foreclosure action. We agree.
The trial court denied R & M an award of fees on the basis that a settlement offer for the principal amount of the claim had been made by the appellees, Renato and Karen Gambino, during mediation, which took place approximately four months after this lawsuit was instituted. The settlement offer, however, did not include interest, costs, or fees otherwise incurred by R & M relative to its claim against the Gambinos. R & M, thus, rejected the offer and, instead, extended a counteroffer of settlement for the principal amount of the claim, plus interest, costs, and fees incurred by R & M through the date of mediation. The Gambinos rejected R & M’s counteroffer of settlement, and the case proceeded to a nonjury trial.
The trial of the case resulted in a judgment in favor of R & M. R & M was thus awarded the full principal amount of its claim, as well as prejudgment interest and costs. The trial court, however, reserved jurisdiction to determine the issue of attorneys’ fees after a separate hearing thereon. At that later hearing, the trial court denied R & M attorneys’ fees because the principal amount of R & M’s ultimate recovery was not greater than the amount originally offered in settlement by the Gambinos.
To determine whether an original settlement offer is equal to, more than, or less than an amount realized in a final judgment, a trial court, in its calculations, must consider whether the settlement offer included costs, interest, and fees incurred by the settlement offeree up to the time of the offer. If the amount recovered pursuant to the final judgment includes costs and interest, even though the principal amount of the recovery is the same as the offer of settlement, it must be concluded that the *1091 amount awarded pursuant to the final judgment exceeds the settlement offer. Thus, as stated in C.U. Associates, Inc. v. R.B. Grove, Inc., 472 So.2d 1177, 1179 (Fla.1985), “in order to be a prevailing party-entitled to the award of attorneys’ fees pursuant to section 713.29, a litigant must have recovered an amount exceeding that which was earlier offered in settlement of the claim.”
Since, based on the foregoing considerations, the amount recovered by R & M pursuant to the final judgment indeed exceeds the amount originally offered by the Gambinos in settlement, we find R & M was entitled to an award of attorneys’ fees herein. We further find no merit in the Gambinos’ argument that R & M failed to preserve this issue for appeal.
Accordingly, the instant case is reversed and remanded for further consideration of attorneys’ fees consistent with this opinion.
THREADGILL and PATTERSON, JJ., concur.