626 So.2d 1020 (1993)
ALL-BRITE ALUMINUM, INC., a Florida corporation, Appellant,
v.
Norman DESROSIERS and Irene Desrosiers, husband and wife, Appellees.
No. 92-01783.
District Court of Appeal of Florida, Second District.
November 5, 1993.
*1021 Barry Kalmanson, Orlando, for appellant.
C. Michael Magruder, Kissimmee, for appellees.
PARKER, Acting Chief Judge.
All-Brite Aluminum, Inc., appeals the final judgment which failed to award All-Brite its attorney's fees and costs against Norman and Irene Desrosiers in a foreclosure of a construction lien. We reverse, concluding that All-Brite was the prevailing party and, thus, was entitled to an award of attorney's fees and costs.
All-Brite filed a complaint against the Desrosiers for foreclosure of a construction lien. The matter proceeded to trial. The record[1] establishes that the Desrosiers entered into a contract with a general contractor for construction of a residence. The Desrosiers fully paid the general contractor, which later filed for bankruptcy. The general contractor did not pay All-Brite, a subcontractor. All-Brite notified the Desrosiers on July 12, 1991, of the outstanding bill for $798.94. On September 23, 1991, All-Brite filed a claim of lien in the amount of $798.94 against the property. On October 15, 1991, All-Brite filed a complaint for foreclosure of the construction lien, seeking $798.94 plus costs and attorney's fees. The Desrosiers informed All-Brite that some of the work was incomplete, and All-Brite completed that work in late November 1991. On December 4, 1991, All-Brite filed an amended claim of lien for $1,059.54, and then on December 9, 1991, it filed an amended complaint to foreclose the construction lien in the amount of $1,059.54. Three days later the Desrosiers mailed All-Brite either a check or a money order for $798.24. All-Brite's attorney refused the tender and returned the payment. The parties stipulated to a valid construction lien in the amount of $1059. The trial court, therefore, granted a lien for that amount but held that there was no prevailing party and that the parties were responsible for payment of their own costs and fees.
The issue on appeal is whether All-Brite was the prevailing party in this litigation and thereby entitled to an award of attorney's fees and costs.[2] The Desrosiers argue on appeal that All-Brite was not the prevailing party because the Desrosiers had tendered payment of $1,059.54 and the trial court awarded a sum less than that amount.
First, we note that the approved statement of the evidence established that the Desrosiers tendered $798.24, not $1,059.54. The discrepancy in the amount, however, is of no consequence because the approved statement established that the Desrosiers tendered the payment after All-Brite commenced the litigation. We hold that All-Brite was the prevailing party because the Desrosiers did not *1022 tender the payment before All-Brite filed the complaint.
The supreme court has considered the effect of a good-faith settlement offer on the determination of which party has prevailed in an enforcement of construction lien case. The supreme court stated, "[W]e find that in order to be a prevailing party entitled to the award of attorney's fees pursuant to section 713.29, a litigant must have recovered an amount exceeding that which was earlier offered in settlement of the claim." C.U. Associates v. R.B. Grove, Inc., 472 So.2d 1177, 1179 (Fla. 1985). Although the supreme court failed to state specifically that the offer must be made before a complaint to foreclose the lien is filed, a review of the facts of that case as set out in the Third District's opinion reveals that the defendant offered to settle the claim before the plaintiff commenced litigation. See C.U. Associates v. R.B. Grove, Inc., 455 So.2d 1109 (Fla. 3d DCA 1984). Also, both of the opinions that the supreme court approved in C.U. Associates, Monde Investments No. 2, Inc. v. R.D. Taylor-Made Enterprises, 344 So.2d 871 (Fla. 4th DCA 1977) and S.C.M. Associates v. Rhodes, 395 So.2d 632 (Fla. 2d DCA 1981), involved prelitigation offers to settle. The strongest support of our determination that it must be a prelitigation settlement offer is the supreme court's recognition in C.U. Associates that the award of costs and fees to the prevailing party in an action to foreclose a construction lien "encourage[s] settlement of disputes before resorting to litigation." C.U. Associates, 472 So.2d at 1178. The Desrosiers' argument that a defendant may thwart an award of fees by tendering payment after the plaintiff has filed suit has no merit and would not serve the purpose of the statute, which is the encouragement of prelitigation settlement of claims. We, therefore, conclude that All-Brite was the prevailing party and is entitled to an award of its fees and costs.
Reversed and remanded.
ALTENBERND and BLUE, JJ., concur.
NOTES
[1] A court reporter did not transcribe the final hearing; therefore, the appellate record of the final hearing consists of the trial court's Approval and Settlement of Statement of Evidence Pursuant to Florida Rule of Appellate Procedure 9.200(b)(4). Florida Rule of Appellate Procedure 9.200(b)(4) requires the appellant to prepare and submit a statement of evidence or proceedings to the appellee, who can serve objections or proposed amendments. Thereafter the appellant submits the statement and any objections or amendments to the trial court for settlement and approval. In this case All-Brite submitted a statement of the evidence. Thereafter the Desrosiers submitted a statement of the evidence. The trial court struck through two sentences in All-Brite's statement of the evidence and then approved both All-Brite's and the Desrosiers' statements of the evidence. We conclude that the parties and the court substantially complied with Rule 9.200(b)(4).
[2] Section 713.29, Florida Statutes (1991) provides: "In an action brought to enforce a [construction] lien ... ., the prevailing party is entitled to recover a reasonable fee for the services of his attorney... ."