917 So.2d 412 (2006)
Brian SULLIVAN, Appellant,
v.
Lloyd J. GALSKE and Deborah J. Galske, Appellees.
No. 2D05-1774.
District Court of Appeal of Florida, Second District.
January 11, 2006.
*413 E. Mark Breed III, Sebring, for Appellant.
James V. Lobozzo, Jr., Sebring, for Appellees.
ALTENBERND, Judge.
Brian Sullivan appeals a final judgment in an action for breach of contract and to foreclose on a construction lien. We affirm the judgment except for the determination regarding Mr. Sullivan's request for attorneys' fees. We reverse on that issue and remand for an evidentiary hearing.
Mr. Sullivan is a building contractor who constructed a home for Mr. and Mrs. Galske. When a dispute over the final payment arose between the parties, they attempted to settle the matter without litigation. Their efforts to settle failed, and Mr. Sullivan filed this action.
*414 The trial court entered a judgment in favor of Mr. Sullivan in the amount of $14,500.12. Initially, the trial court determined that Mr. Sullivan was entitled to attorneys' fees pursuant to the contract and pursuant to section 713.29, Florida Statutes (2002), as the prevailing party in the litigation. On rehearing, however, the trial court reversed its ruling, apparently based in part on documents filed by the Galskes regarding presuit settlement negotiations. The court determined that Mr. Sullivan was not the prevailing party in the litigation and therefore not entitled to attorneys' fees.[1] Mr. Sullivan challenges only the trial court's decision to deny his request for attorneys' fees.
When a construction lien is foreclosed, the prevailing party is entitled to attorneys' fees pursuant to section 713.29. However, in C.U. Associates, Inc. v. R.B. Grove, Inc., 472 So.2d 1177 (Fla.1985), the Florida Supreme Court held that "in order to be a prevailing party entitled to the award of attorney's fees pursuant to section 713.29, a litigant must have recovered an amount exceeding that which was earlier offered in settlement of the claim." Id. at 179. See also R & M Cabinet Sales, Inc. v. Hallmark Bldg. Supply, 621 So.2d 1090 (Fla.2d DCA 1993) (stating trial court's calculations in determining whether original settlement offer is equal to or more than amount realized in judgment must include consideration of whether offer included costs, interest, and fees incurred up until the time of settlement offer). Thus, although Mr. Sullivan is receiving a favorable judgment in his action to foreclose a mechanic's lien, he may not be the prevailing party under section 713.29 if the Galskes offered to settle with him prior to the lawsuit for an amount that was equal or greater than the award in the judgment. See All-Brite Aluminum, Inc. v. Desrosiers, 626 So.2d 1020, 1022 (Fla. 2d DCA 1993); see also Grant v. Wester, 679 So.2d 1301 (Fla. 1st DCA 1996).
When the Galskes moved for rehearing, they submitted various documents regarding presuit negotiations. Some of the documents had been submitted as evidence at trial and others had not. The Galskes suggested in their motion for rehearing and postjudgment submissions that the trial court might need to conduct an additional evidentiary hearing to determine which party was the prevailing party pursuant to C.U. Associates. The trial court, however, granted rehearing without an evidentiary hearing.
In most cases, evidence of presuit settlement negotiations is not admissible during trial. See § 90.408, Fla. Stat. (2004). Because parties often make offers to settle for economic reasons, an offer is not treated like an admission of liability and would be of marginal relevance to the issues at trial. This evidence is also excluded to encourage settlement discussions. Charles W. Ehrhardt, Florida Evidence § 408.1 (2004 ed.). When such evidence is submitted for some reason at trial, it is not always clear on the face of the document what relevance or weight the document might have to a determination of whether a party unequivocally rejected a settlement offer that was in all respects more favorable than the judgment ultimately received.
In this case, the trial court received some evidence reflecting presuit negotiations at trial, but that evidence was not *415 submitted for the purpose of determining the prevailing party for an award of attorneys' fees. That evidence does not conclusively establish that Mr. Sullivan is not entitled to fees pursuant to section 713.29 under the reasoning in C.U. Associates. We conclude that the trial court correctly granted rehearing in this case on the issue of attorneys' fees pursuant to section 713.29 in order to permit the consideration of presuit negotiations, but the trial court was required to provide the parties with an evidentiary hearing before it determined the factual issues essential to its ruling.[2]
In addition to the claim for attorneys' fees pursuant to section 713.29, Mr. Sullivan also had a claim for attorneys' fees pursuant to his contract with the Galskes.[3] The trial court appears to have applied the reasoning of C.U. Associates to this alternative basis for fees. In Fixel Enterprises, Inc. v. Theis, 524 So.2d 1015 (Fla.1988), the Florida Supreme Court rejected an argument that the definition of "prevailing party" in section 713.29, as interpreted by C.U. Associates, should be applied in the context of determining who is the prevailing party under the terms of a fee provision in a construction contract between the parties. Noting that the definition of prevailing party "adopted in C.U. Associates" was based upon policy considerations stated in chapter 713, the supreme court held that "the definition of the term `prevailing party' as used in section 713.29 is not to be extended beyond the context of that statute." Fixel Enters., 524 So.2d at 1017. As such, Mr. Sullivan's claim for attorneys' fees as the prevailing party under the construction contract is not necessarily foreclosed by his rejection, if any, of more favorable presuit settlement offers.[4]
Accordingly, we affirm the judgment except for the determination of attorneys' fees. We remand for an evidentiary hearing to determine whether Mr. Sullivan is entitled to attorneys' fees as the prevailing party either under his contract with the Galskes, or under section 713.29, or both.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and SALCINES, JJ., Concur.
NOTES
[1] The trial court did not conclude that the Galskes were the prevailing parties. Thus the judgment and order on rehearing effectively denied prevailing party attorneys' fees to all parties.
[2] We note that the Galskes had the burden of proving that they extended a good faith settlement offer in an amount and of a nature greater than the judgment finally obtained by Mr. Sullivan. See C.U. Associates, 472 So.2d at 1179.
[3] Although Mr. Sullivan may be able to pursue attorneys' fees under both section 713.29 and his contract with the Galskes, see § 713.30, Fla. Stat. (2002), the remedies available to enforce the award of fees may vary depending upon the basis for the award, see, e.g., Zalay v. Ace Cabinets of Clearwater, Inc., 700 So.2d 15 (Fla.2d DCA 1997) (interpreting construction lien statutes to permit attorneys' fees awarded under section 713.29 to be included in lien).
[4] Certainly the amount and nature of presuit settlement offers may reflect upon the reasonableness of the amount of any attorneys' fees Mr. Sullivan ultimately incurred to obtain the judgment awarded.