CRENSHAW, Judge.
 

 Patricia Vose and Stephen Vose (the Voses) appeal the final judgment after a jury verdict on a breach of contract claim entered in favor of Gulfside Construction Services, Inc. (Gulfside). The Voses also appeal the final judgment awarding attorneys’ fees to Gulfside as the prevailing party. We affirm the judgment on the breach of contract claim without discussion. However, we reverse as to the attorneys’ fees awarded to Gulfside and remand for an evidentiary hearing.
 

 On September 6, 2007, a jury found in favor of the Voses on a construction lien claim filed by Gulfside and found in favor of Gulfside on its breach of contract claim. The jury awarded damages to Gulfside in the amount of $14,094.97. Both parties claimed that they were the prevailing parties in the case and as such, both filed motions seeking an award of attorneys’ fees and costs. The Voses argued they were entitled to fees and costs under section 713.29, Florida Statutes (2007), because they prevailed on the construction lien claim. Gulfside countered that it was entitled to attorneys’ fees and costs under the fees provision contained in the contract. The trial court, after conducting a hearing on the motions, determined that because Gulfside prevailed on the “significant issues” in the case, Gulfside, not the Voses, was entitled to attorneys’ fees and costs pursuant to
 
 Prosperi v. Code,
 
 626 So.2d 1360 (Fla.1993). The court also denied the Voses’ request for an evidentiary hearing to determine the prevailing party for the purpose of awarding attorneys’ fees. We find the trial court’s denial of the Voses’ request to be error.
 

 Where there are competing claims for attorneys’ fees supported by separate legal bases of a construction lien claim and a breach of contract claim, the trial court’s
 
 *324
 
 discretion to award attorneys’ fees should be determined after an evidentiary hearing.
 
 Sullivan v. Galske,
 
 917 So.2d 412 (Fla. 2d DCA 2006). Here, due to the competing nature of the claims, the court was required to conduct an evidentiary hearing. We also point out that, at the time of its ruling, the trial court did not have the benefit of the Florida Supreme Court’s decision in
 
 Trytelc v. Gale Industries, Inc.,
 
 3 So.3d 1194 (Fla.2009), which determined that when
 
 Prosperi
 
 is applied to the facts of a case, there is no mandatory requirement that a court determine that one party is the “prevailing party.”
 

 Accordingly, we remand for an eviden-tiary hearing to determine whether the Voses are entitled to attorneys’ fees under section 713.29, or if Gulfside is entitled to attorneys’ fees under its contract with the Voses. We note, however, that our decision is not determinative that either party should prevail for the purpose of awarding attorneys’ fees.
 

 Affirmed in part, reversed in part, and remanded.
 

 ALTENBERND, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.