345 So.2d 404 (1977)
Albert A. ROBINSON and Anne M. Robinson, His Wife, Appellants,
v.
Robert ABREU and Marilyn Abreu, His Wife, Appellees.
Robert ABREU and Marilyn Abreu, His Wife, Appellants,
v.
Albert A. ROBINSON and Anne M. Robinson, His Wife, Appellees.
Nos. 76-669, 76-766.
District Court of Appeal of Florida, Second District.
May 4, 1977.
Frank A. McClung, Brooksville, for Albert and Anne Robinson.
Daniel B. Merritt, Sr., McGee, Merritt & High, Brooksville, for Robert and Marilyn Abreu.
BOARDMAN, Chief Judge.
We have for review a consolidated appeal of Case No. 76-766, an interlocutory appeal from an order granting relief from judgment, and Case No. 76-669, a direct appeal from an amended final judgment denying specific performance.
Albert A. and Anne M. Robinson, buyers, on January 27, 1975, filed a complaint in the Circuit Court of Hernando County against Robert and Marilyn Abreu, sellers, praying for specific performance of a written contract to convey certain real property. The sellers filed an answer and affirmative defense. Following a final hearing the trial court denied the buyers the relief prayed for and entered an order dismissing the cause of action on November 4, 1975. The buyers' attorney did not become aware of the court's ruling until several months later at which time he filed a Fla.R.Civ.P. 1.540(b)(1) motion for relief from judgment, which was granted on April 9, 1976. The trial court set aside and vacated the final judgment of November 4, and entered an amended final judgment identical to the original final judgment. The sellers appeal the vacation of the original final judgment, and the buyers appeal the amended final judgment.
The written contract signed by the parties, dated October 12, 1971, provided, among other conditions, that the closing was to take place on or before December 15, 1971, and that time was of the essence. The purchase price of the realty was $7,500. *405 The contract provided that $1,958.83, less the $100 deposit, was to be paid in cash, and the buyers were to assume an escrow agreement requiring a $50 per month payment.
The record on appeal conclusively discloses that the closing did not take place according to the contract. It is unrefuted that the cash payment due at the closing was not received by the sellers by December 15. Anne Robinson testified that the sale was to be completed by mail. However she did not mail the cash payment until December 16, and she mailed it to the real estate broker, not to the sellers. The broker testified that he deposited the check in the realty company's escrow account on December 20. Robert Abreu's testimony that he expected that the broker would receive the funds and Anne Robinson's testimony that all of their dealings had been through the broker could establish that the broker was authorized to accept timely payment.
The buyers argue that because the broker was the sellers' agent his receipt and deposit of the Robinson check constitute acceptance of the late payment by the sellers. It is a well-settled rule of agency law however that a principal is bound only by the acts of his agent which are within the scope of his authority or by an act outside of his authority but which is subsequently ratified by the principal. E.g., Fredrick v. Squillante, 144 So.2d 848 (Fla.2d DCA 1962). 3 Am.Jur.2d Agency § 122 (1962); Annot., 30 A.L.R.2d 804 (1953). The buyers have failed to show that the broker had express, implied or apparent authority to modify the terms of the contract to accept payment after the closing date. Nor is there evidence to show that the sellers ratified or approved the act of the broker or that they even had knowledge of the broker's receipt of the funds. In fact, the uncontradicted testimony of Robert Abreu was that he notified the buyers by telephone that he was withdrawing his offer to sell the property because of their failure to perform according to the written contract. A party to a contract is not entitled to specific performance of that contract where he did not perform his obligations according to the clear and unambiguous terms of the contract. See 29A Fla.Jur. Specific Performance § 46 (1967). Accordingly, Case No. 76-669 is affirmed.[1] We need not decide the issue presented in Case No. 76-766 since the question raised on appeal is disposed of by our holding in Case No. 76-669.
AFFIRMED.
McNULTY and OTT, JJ., concur.
NOTES
[1] The trial court ruled that the buyers were not entitled to specific performance on the ground of laches based on the length of time between the accrual of the cause of action and the initiation of this suit. In view of our decision we need not determine whether the trial court's findings of fact and conclusions of law were correct. It is a cardinal principle of appellate review that if the conclusion of the trial court is correct it will not be disturbed regardless of the reason for the ruling. E.g., Firestone v. Firestone, 263 So.2d 223 (Fla. 1972).