RYDER, Judge.
ADCA Corporation appeals from the directed verdict adverse to its claim for rescission of contract. We reverse.
ADCA sued Blumberg in several counts, including rescission of a handwritten contract for return of $12,000.00 earnest money. Testimony at trial showed that ADCA’s agent negotiated purchase of a restaurant from Blumberg. A handwritten contract was signed by Blumberg, but ADCA entered into the contract in the name “Falcon Industries, Inc.,” a corporation that ADCA mistakenly thought was in existence. ADCA gave $5,000.00 to Blum-berg at the time of signing the contract, and there was conflicting testimony over whether $7,000.00 was later paid. Neither party appeared for closing, although they were “ready, willing and able” to close.
At the close of ADCA’s case, Blumberg moved for directed verdict on the ground that a party of the contract, Falcon Industries, Inc., was not a party to the action. The court granted the motion.
We hold that ADCA was a proper party to assert its rights in the action below. ADCA supplied the funds for which it now seeks return, and its agent entered into the contract, mistakenly in the name of a corporation which no longer existed. We are not certain that ADCA was a stranger to the transaction below, but even such a stranger may bring an action for rescission of a contract if his legal or equitable rights are affected thereby. See International Realty Associates, Inc. v. McAdoo, 87 Fla. 1, 99 So. 117 (1924).
The order granting the directed verdict below is vacated, and the case remanded for new trial.
SCHEB, C. J., and CAMPBELL, J., concur.