490 So.2d 130 (1986)
Leonor GARCIA, Francisco Garcia, Cristobal Brito and Hortensia Brito, Appellants,
v.
Percy D. ALFONSO and Mirta Alfonso, Appellees.
Nos. 85-916, 85-2162.
District Court of Appeal of Florida, Third District.
May 27, 1986.
Rehearing Denied July 9, 1986.
*131 Lawrence S. Gordon, Miami, for appellants Leonor Garcia and Francisco Garcia.
Sharon B. Jacobs, Coral Gables, Ronald Benton Brown, Ft. Lauderdale, for appellants Cristobal Brito and Hortensia Brito.
Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellees.
Before NESBITT, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
Appellants, the sellers of real property and the purchasers under a second contract, seek review of a final judgment granting specific performance in an action brought by appellees-claimants under an earlier contract to purchase. The sellers had purportedly cancelled the contract for failure of the claimants to satisfy certain conditions within a specified time period.
The trial judge's findings that the claimants had, within thirty days from the date of the agreement, obtained a firm commitment for mortgage financing as required by the contract is not supported by, in fact is contrary to, the evidence. Considering all the circumstances, particularly that a foreclosure of a second mortgage was imminent, it is clear that the "time is of the essence" clause in the Contract for Sale and Purchase was not a stock phrase but was intended to give the sellers an immediate right to cancel the contract if the buyers were unable to timely demonstrate an ability to purchase. See 3A Corbin, Contracts § 715 (1960); Restatement (Second) of Contracts § 242 comment d (1981) (such stock phrases as "time is of the essence" do not necessarily have the effect of discharging the injured party's duties immediately, although they are to be considered along with other circumstances).
Claimants did not obtain an institutional commitment for financing until three weeks after the thirty-day period had expired, which was seventeen days after the sellers had notified them of the cancellation and nine days after a new contract had been entered into with the new purchasers. They were not entitled to specific performance. Robinson v. Abreu, 345 So.2d 404 (Fla. 2d DCA 1977). See also Sun Bank v. Lester, 404 So.2d 141 (Fla. 3d DCA 1981) (party not entitled to specific performance where deposit untimely and time was of the essence), rev. denied, 412 So.2d 467 (Fla. 1982).
Reversed and remanded with instructions to enter judgment for the defendants.