913 So.2d 1231 (2005)
Manuel ARVESU, as Trustee, Appellant,
v.
BLANCOM PROPERTIES, N.V., an involuntarily dissolved foreign N.V., Blancom Properties, Inc., a Florida corporation, and Lusky & Motola, P.A., a Florida professional association, Appellees.
No. 3D05-342.
District Court of Appeal of Florida, Third District.
November 2, 2005.
Rafferty, Stolzenberg, Gelles, Tenenholtz & Flynn, and Jared Gelles, Miami, *1232 and Christopher T. McKay, and Leonid Nerdinsky, for appellant.
Arnaldo Velez, Coral Gables; Lusky & Motola and Jeffrey Lusky, for appellees.
Before GERSTEN and GREEN, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
Manuel Arvesu, as successor Trustee of the Garcia/Silveira Land Trust, appeals an adverse final judgment adopting a General Master's Report and Recommendation. We affirm.
The Land Trust entered into a Commercial Contract to purchase an office building owned by Blancom Properties, Inc., on Friday. The following Monday, Blancom entered into an Lease Addendum with one of its tenants, Lusky & Motola, P.A., increasing the tenant's lease renewal option, limiting the rent increase percentage, and waiving the tenant's rent for several months after closing.
The trustee learned of the addendum and requested that the addendum be rescinded. The trustee urged that the addendum violated the terms of the Contract, and substantially impaired the parties' bargain. Blancom Properties did not rescind the addendum. The trustee sued Blancom Properties and Lusky & Motola seeking: specific performance of the Commercial Contract; damages for breach of contract; a declaration that the lease addendum was void; and rescission of the lease addendum.
The matter was tried before a general master. The general master denied all the relief requested in the complaint. In its Recommendation and Report the general master found that the Land Trust had not complied with various material requirements of the Commercial Contract: the initial $10,000 deposit was not made timely, if at all; the second deposit of $90,000 was not tendered and was not legally excused; there was no evidence that the buyer was ready, willing and able to close; and there was no excuse for the buyer failing to tender the purchase price. These failures, the master found, were not excused by the seller's alleged breach of the Commercial Contract. The master concluded that the trustee was not entitled to specific performance. In addition, the master found that the trustee had no standing to seek rescission of the lease addendum because he was not a party to that agreement.
The trial court entered an order adopting the general master's report and entered a final judgment in defendant's favor. The trustee appeals.
We agree with the trial court's conclusion that the trustee was not entitled to specific performance of the agreement in the face of evidence of the trustee's non-compliance with the Contract's terms. See Garcia v. Alfonso, 490 So.2d 130, 131 (Fla. 3d DCA 1986). The general master's findings, adopted by the trial court, that there was no evidence of the initial deposit and no tender of the second deposit required by the Commercial Contract were supported by the evidence. Additionally, there was no showing that the trustee was ready, willing, and able to perform on the contract. Leverette v. Cochran, 876 So.2d 2 (Fla. 4th DCA 2004); Hollywood Mall, Inc. v. Capozzi, 545 So.2d 918 (Fla. 4th DCA 1989). Hence, it would have been error to award specific performance. Garcia.
Additionally, the trustee was not a party to the addendum and did not have standing to seek rescission. It was a stranger to the contract, and had, particularly in view of our analysis above, no legal or equitable rights affected thereunder that it could pursue. Compare ADCA *1233 Corp. v. Blumberg, 403 So.2d 547 (Fla. 2d DCA 1981)(corporation supplying funds for contract had standing to seek its rescission).
Based on the foregoing, the judgment is Affirmed.