948 So.2d 880 (2007)
Rivka SHAPIRO, Yashi's Investments, LLC, and Yashi's Investments, Inc., Appellants,
v.
Robert JACOBS, Appellee.
No. 3D06-987.
District Court of Appeal of Florida, Third District.
February 7, 2007.
*881 Michael Walsh and Michelle R. Walsh, for appellants.
Irv J. Lamel; Jay M. Levy, Miami, for appellee.
Before WELLS and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
CORTIÑAS, Judge.
The Appellant, a seller of real property, appeals the trial court's order granting the buyer specific performance based on the trial court's finding that the seller breached the contract for sale of the property because the seller and/or the seller's attorney failed to attend the scheduled closing. The seller contends that she had no duty to attend the closing because the buyer was not ready, willing, and able to close at the time of the closing. The seller contends that a fax from the buyer's attorney, sent at the time the closing was scheduled to occur, evidences that the buyer was not financially able to close. Specifically, a paralegal employed by the buyer's attorney sent the seller's attorney a fax of the seller's closing statement that she had received from the title agent. She testified that she did this to ensure that the seller had a copy of it. On the statement, she wrote a handwritten note, which stated in relevant part, "DO NOT HAVE PACKAGE FROM LENDER YET. TENTATIVELY CLOSING AT 4PM TODAY." This fax was received by the seller's attorney at 4:03 p.m. This was the only communication between the parties and their respective attorneys as to the status of the lender's package. The seller further contends that it was imperative that the contract close on the day of the scheduled closing because the contract stated that "[t]ime is of the essence for all provisions" and further provided that all time periods in the contract ended at 5:00 p.m. of the appropriate day.
At trial, the paralegal who sent the faxed note testified that her note meant that the closing may not occur exactly at 4:00 p.m., not that the closing may not occur at all. Additionally, the title agent handling the closing testified that sometime on the night[1] of the closing he received the lender's package. He believed he received these documents around 4:30 p.m.; however, he testified that he was unsure of the exact time. He repeatedly testified that he had the loan package and was ready to close on December 15th, the day the closing was scheduled. Apparently, however, neither the title agent nor the buyer's attorney contacted the seller's attorney to notify him that the lender's package had been received. Similarly, the seller's attorney never called the title agent or the buyer's attorney to determine whether the package had arrived, despite the seller's contention that she absolutely needed the money from this sale by 5:00 p.m. on the day of the scheduled closing to cover two checks she had previously written.[2] The buyer testified that he was present for the closing on December 15th, and that he was ready, willing, and able to close. Neither the seller nor the seller's attorney testified to any reason for not attending *882 the closing, other than the faxed note.[3]
Based on the testimony, the trial court found that the buyer was "present and ready to close"[4] and that the only reason the sale did not close was because the seller and/or her attorney failed to attend the closing. Because this finding is supported by clear, definite, and certain proof, we cannot find that the trial court abused its discretion in reaching this conclusion. See Castigliano v. O'Connor, 911 So.2d 145, 148 (Fla. 3d DCA 2005) (recognizing that specific performance is granted in the discretion of the trial court but that unless a plaintiff proves their case by clear, definite, and certain proof, the trial court has no discretion to award specific performance).
"[I]t is the plaintiffs' burden of proof to show they were ready, willing, and able to perform the contract in order to establish a prima facie case for specific performance." Leverette v. Cochran, 876 So.2d 2, 3 (Fla. 1st DCA 2004) (citing Hollywood Mall v. Capozzi, 545 So.2d 918 (Fla. 4th DCA 1989)); see also Arvesu v. Blancom Props., N.V., 913 So.2d 1231, 1232 (Fla. 3d DCA 2005). A buyer is financially able to close a sale, i.e., ready, willing, and able to close, "if he has definitely arranged to raise the necessary money  or as much thereof as he is unable to supply personally  by obtaining a binding commitment for a loan to him for that purpose by a financially able third party. . . ." Capozzi, 545 So.2d at 920-21. This echoes the Florida Supreme Court's holding that "[f]inancially able means that the proposed purchaser is able to command the necessary money to close the deal on reasonable notice or within the time stipulated by the parties." Perper v. Edell, 160 Fla. 477, 35 So.2d 387, 391 (1948).
In this case, it is undisputed that the buyer had arranged financing through a lender. Certainly upon receipt of the lender's package, the financing commitment was binding. The trial court's ruling indicates that it believed the testimony of the title agent that the lending package arrived on the night of the closing, and that the sale could have closed on that day. We have no evidence before us to contradict this testimony and we defer to the trial court on determinations of witness credibility. Therefore, the buyer was ready, willing, and able to close before 5:00 p.m. on the scheduled date of the closing.
Although we are surprised by the lack of communication between the respective attorneys, we find that the faxed note did not create a duty on the part of the buyer's attorney to notify the seller's attorney when the package arrived. The seller does not cite to any case to support her contention that it did. Further, a review of Florida case law suggests that the appropriate inquiry in situations like this is an objective one  whether the buyer was ready, willing, and able, not whether the *883 seller knew the buyer was ready, willing, and able.
Both attorneys involved are experienced real estate attorneys and are credited with knowledge of normal and customary real estate practices. In real estate closings, it is common for the lender's package to arrive later than scheduled. Here, ultimately, the lender's package arrived at the closing on the scheduled day, although the seller never did. The seller, therefore, breached the contract and the buyer is entitled to specific performance.
Affirmed.
NOTES
[1] Although the term "night" is used in a question to the title agent and in his answer to that question, his testimony clearly stated that he received the package around 4:30 p.m. and could have closed before 5:00 p.m. on the day of the scheduled closing.
[2] Although the seller argues that she needed to have the money from the sale in her bank account by 5:00 p.m. on the day of the scheduled closing, the title agent testified that even if the closing had occurred in the afternoon of December 15th, the funds would not have been immediately available to the seller.
[3] Interestingly, the seller testified that when she spoke to the paralegal at her attorney's office who notified her of the faxed note, she asked, "Do you think it is going to be today?" to which the paralegal replied, "Yes, you have to wait." Further, the seller testified that she was unwilling to close the day after the closing was scheduled because she had already "settled with the things because at 4 o'clock on the 15th [it] wasn't ready," despite the fact that the contract gave until 5:00 p.m. on the 15th for the closing to occur. The seller's attorney was not asked directly why he did not attend the closing, although he testified that no one ever contacted him to tell him that the buyer was ready to proceed with the closing.
[4] Although the trial court stated that the buyer was "ready to close," it is clear from the context of the hearing that the trial court found the buyer ready, willing, and able to close.