CORTINAS, J.
 

 Invego Auto Parts, Inc., a would-be purchaser of real property, appeals the trial court’s order denying specific performance based on its finding that Invego was not ready, willing, and able to purchase the subject property at the time it exercised its option to purchase. We find that Inve-go proved that it was ready, willing, and able to purchase and, accordingly, we reverse.
 

 A decree of specific performance is an equitable remedy granted at the discretion of the trial court. It can be granted only when “1) the plaintiff is clearly entitled to it, 2) there is no adequate remedy at law, and 3) the judge believes that justice requires it.”
 
 Castigliano v. O’Connor,
 
 911 So.2d 145, 148 (Fla. 3d DCA 2005) (citing
 
 Mrahunec v. Fausti,
 
 385 Pa. 64, 121 A.2d 878, 880 (1956)). In order to invoke the remedy of specific performance, “the plaintiff must do more than merely prove his case by a preponderance of the evidence, ... he must prove the contract as alleged in his complaint by competent and satisfactory proof which must be clear, definite, and certain.”
 
 Miller v. Murray,
 
 68 So.2d 594, 596 (Fla.1953) (quoting
 
 Miller v. Gardner,
 
 144 Fla. 339, 198 So. 21, 23 (1940)). Otherwise, “the trial court has no
 
 *105
 
 discretion to award specific performance.”
 
 Shapiro v. Jacobs,
 
 948 So.2d 880, 882 (Fla. 3d DCA 2007) (citing
 
 Castigliano,
 
 911 So.2d at 148). Thus, the plaintiff must prove that “[a]s a condition precedent to specific performance ... [it] either pa[id] the contract sum; tendered] it; ... [was] ready, willing and able to do so; or ... [was] excused from so doing.”
 
 Glave v. Brandlein,
 
 196 So.2d 780, 781 (Fla. 4th DCA 1967).
 

 A plaintiff can prove it was “financially ready and able to buy” if it
 

 (1) ... ha[d] the needed cash in hand, or (2) ... [was] personally possessed of assets-which in part may consist of the property to be purchased-and a credit rating which enable [it] with reasonable certainty to command the requisite funds at the required time, ... or (3) ... ha[d] definitely arranged to raise the necessary money-or as much thereof as [it] is unable to supply personally-by obtaining a binding commitment for a loan to [it] for that purpose by a financially able third party, irrespective of whether such loan be secured in part by the property to be purchased.
 

 Hollywood Mall v. Capozzi,
 
 545 So.2d 918, 920-21 (Fla. 4th DCA 1989) (italics omitted).
 

 Invego argues that it was ready, willing, and able to perform when it notified Felix Rodriguez, the owner of the property, of its intention to exercise the option. It submitted into evidence documentation showing that it had used the mortgages on $16 million worth of property as collateral to obtain a $1 million loan from a Colombian bank and that this loan was available for a ten-year period. The bank’s commercial manager testified as to the authenticity of the loan guarantee document and confirmed that the financing had been in place when Invego had attempted to exercise the option. Together, this evidence is sufficient to prove that Invego had a binding commitment to obtain the necessary funding from a financially able third party.
 

 “When a case is tried without a jury, the trial judge’s findings of fact are clothed with a presumption of correctness on appeal, and these findings will not be disturbed unless the appellant can demonstrate that they are clearly erroneous.”
 
 Univ’l Bevs. Holdings, Inc. v. Merkin,
 
 902 So.2d 288, 290 (Fla. 3d DCA 2005) (citations omitted). Therefore, “[although we are reluctant to reverse a judgment of a trial court on a fact issue, it is our duty to do so when there are no facts on the record which would support that judgment.”
 
 Capozzi,
 
 545 So.2d at 921 (citing
 
 Oceanic Int’l Corp. v. Lantana Boatyard,
 
 402 So.2d 507, 511 (Fla. 4th DCA 1981)). This is one of those instances. Although it was Invego’s burden to prove its own capacity, it did so by clear and convincing evidence when it presented the loan guarantee, which was supported by the testimony of the bank’s representative. The burden then switched to Rodriguez to rebut Invego’s evidence, but Rodriguez failed to present a single piece of evidence or testimony to disprove Invego’s assertion that it was ready, willing, and able.
 

 In light of the overwhelming evidence that Invego was ready, willing, and able to perform, the trial court erred in not awarding specific performance.
 

 Reversed and remanded.